UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |


| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Emily Skaug | Jani Rachelson |
| Neville Johnson | Evan Hudson-Plush |
| Robert Kriner, Jr. | Myron Rumeld |
| Steven Schwartz | |

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED
COMPLAINT (Dkt. 45, filed April 30, 2021)

## I.   INTRODUCTION

On December 1, 2020, Edward Asner, Michael Bell, Raymond Harry Johnson, Sondra James Weil, David Jolliffe, Robert Clotworthy, Thomas Cook, Audrey Loggia, Deborah White, and Donna Lynn Leavy (collectively, "plaintiffs") filed their initial class action complaint against defendants SAG-AFTRA Health Fund (the "SAG-AFTRA Health Plan" or "Plan"), the former Board of Trustees of the Screen Actors Guild-Producers Health Plan (the "SAG Health Plan Board of Trustees"), the Board of Trustees of the SAG-AFTRA Health Fund (the "SAG-AFTRA Health Plan Board of Trustees"), and individually named trustees[1] of the two Boards (the "SAG Trustee Defendants" and

---

[1] The individually named trustees, who are sued in their individual capacities, are Daryl Anderson, Helayne Antler, Amy Aquino, Timothy Blake, Jim Bracchitta, John Carter Brown, Duncan Crabtree-Ireland, Barry Gordon, J. Keith Gorham, James Harrington, David Hartley-Margolin, Harry Isaacs, Robert W. Johnson, Sheldon Kasdan, Matthew Kimbrough, Lynne Lambert, Allan Linderman, Carol A. Lombardini, Stacy K. Marcus, Richard Masur, John T. McGuire, Diane P. Mirowski, Paul Muratore, Tracy Owen, Michael Pniewski, Ray Rodriguez, Marc Sandman, Shelby Scott, David Silberman, Sally Stevens, Gabriela Teissier, Lara Unger, Ned Vaughn, David Weissman, Russell Wetanson, David P. White, and Samuel P. Wolfson. Defendants Ann Calfas, Eryn Doherty, Gary Elliot, Mandy Fabian, Leigh French, Nicole Gustafson, Marla Johnson,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title    | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

"SAG-AFTRA Trustee Defendants," collectively, the "Trustees"). Dkt. 1 ("Compl."). Plaintiffs' initial complaint asserted claims for: (1) engaging in a prohibited transaction in violation of the Employee Retirement Income Security Act ("ERISA"), against the SAG Health Plan Board of Trustees and the SAG Trustee Defendants; (2) failing to disclose information material to plan participants in violation of ERISA, against the SAG-AFTRA Health Plan Board of Trustees and the SAG-AFTRA Trustee Defendants; (3) breach of fiduciary duty by a co-fiduciary in violation of ERISA, against the SAG Health Plan Board of Trustees and the SAG Trustee Defendants; and (4) breach of fiduciary duty by a co-fiduciary in violation of ERISA, against the SAG-AFTRA Health Plan Board of Trustees and the SAG-AFTRA Trustee Defendants. Compl. ¶¶ 125-149.

On February 16, 2021, the SAG-AFTRA Health Plan, the SAG Health Plan Board of Trustees, the SAG-AFTRA Health Plan Board of Trustees, the SAG Trustees, and the SAG-AFTRA Trustees (collectively, "defendants") filed a motion to dismiss plaintiffs' initial complaint. Dkt. 40. On March 23, 2021, plaintiffs and defendants (collectively, the "parties"), except for defendant Bob Kaliban,[2] agreed to a stipulation allowing plaintiffs to file an amended complaint. Dkt. 41. On March 26, 2021, plaintiffs filed the operative first amended complaint. Dkt. 43 ("FAC").

The FAC asserts four breach of ERISA-imposed fiduciary duty claims. FAC ¶ 1. Count I is for breach of fiduciary duty in violation of ERISA § 404(a)(1)(A)-(D) in connection with the January 1, 2017 merger of the SAG Health Plan with the AFTRA Health Plan. Plaintiffs bring Count I against the SAG Health Plan Board of Trustees and the SAG Trustee Defendants. Id. ¶¶ 160-167. Count II is for breach of fiduciary duty in violation of ERISA § 404(a)(1)(A)-(D) in connection with the August 2020 reductions to benefits offered by the merged SAG-AFTRA Health Plan and in connection with the failure to disclose the Plan's funding shortfall prior to the benefit reductions. Id. ¶¶ 168-177. Plaintiffs bring Count II against the SAG-AFTRA Health Plan Board of Trustees and the SAG-AFTRA Trustee Defendants. Id. Count III is for breach of fiduciary duty by a co-fiduciary in violation of ERISA § 1105(a) against the SAG Health Plan Board of

---

Bob Kaliban, D.W. Moffett, Shelley Landgraf, Alan H. Raphael, John E. Rhone, John H. Sucke, and Kim Sykes have been dismissed from the action without prejudice pursuant to a Tolling and Dismissal Agreement between the parties. See FAC ¶¶ 161, 169, 179, 187.
[2] As noted previously, Mr. Kaliban was dismissed from this action without prejudice. See FAC ¶¶ 161, 169, 179, 187.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Trustees and the SAG Trustee Defendants in connection with the ERISA violations alleged in Count I.  Id. ¶¶ 178-185.  Count IV is for breach of fiduciary duty by a co-fiduciary in violation of ERISA § 1105(a) against the SAG-AFTRA Health Plan Board of Trustees and the SAG-AFTRA Trustee Defendants in connection with the ERISA violations alleged in Count II.[3]  Id. ¶¶ 186-191.

Plaintiffs bring Counts I and III on behalf of themselves and other similarly situated participants ("Counts I and III Class") in the SAG Health Plan at the time of the merger of the SAG Health Plan with the AFTRA Health Fund ("AFTRA Health Plan"), effective January 1, 2017 ("Health Plans Merger").  Id. ¶¶ 137-148.  Plaintiffs bring Counts II and IV on behalf of themselves and other similarly situated participants ("Counts II and IV Class") of the resulting, merged SAG-AFTRA Health Plan for post-merger conduct.  Id. ¶¶ 149-159.

On April 30, 2021, defendants moved to dismiss the FAC (dkt. 45) and filed a memorandum of law in support of their motion (dkt. 46 ("MTD")).  Defendants also filed a request for judicial notice of six exhibits.  Dkt. 48 ("Defs. RJN").  On June 1, 2021, plaintiffs filed their opposition to defendants' motion to dismiss.  Dkt. 50 ("Opp.").  Plaintiffs requested judicial notice of five exhibits.  Dkt. 53 ("Plfs. RJN").  On June 22, 2021, defendants filed their reply brief.  Dkt. 55 ("Reply").

The Court held a hearing on defendants' motion to dismiss on August 30, 2021.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[3] At oral argument, counsel for plaintiffs clarified some of the intended distinctions between the claims for breach of fiduciary duty (Counts I and II) and breach of co-fiduciary duty (Counts III and IV).  For Count III, the breach of co-fiduciary duty claim includes certain SAG Trustee Defendants' alleged failure to take any measures to correct the misleading communications alleged in Count I.  For Count IV, the breach of co-fiduciary duty claim includes certain SAG-AFTRA Trustee Defendants' alleged failure to take any measures to correct the failure of the trustees who directly participated in the Union's collective bargaining processes to disclose the Plan's funding shortfall.  Finally, for Count II, all SAG-AFTRA Trustee Defendants are allegedly responsible for the implementation of the Benefit Amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

## II.    REQUESTS FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the SAG-AFTRA Health Plan Summary Plan Descriptions ("SPDs") for 2017 ("Ex. 4") and 2021 ("Ex. 1"); the Form 5500s for the SAG Health Plan ("Ex. 2"), the AFTRA Health Plan ("Ex. 3"), and the SAG-AFTRA Health Plan ("Ex. 6"); and an August 12, 2020 letter from the Board of Trustees of the SAG-AFTRA Health Plan to plan participants ("Ex. 5"). Plaintiffs request that the Court take judicial notice of the SAG-AFTRA Constitution ("Ex. A"); the Trust Agreements of the SAG Health Plan ("Ex. B") and the SAG-AFTRA Health Plan ("Ex. C"); the "Lerner Report" ("Ex. D"); and a Notice of Benefit Changes issued by the SAG-AFTRA Health Plan in June 2020 ("Ex. E").

Pursuant to the Federal Rules of Evidence, the Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, the parties did not oppose to each other's requests for judicial notice. "[U]nder Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Documents on "publicly available websites" are proper subjects of judicial notice. See Calhoun v. Google LLC, No. 20-CV-05146-LHK, 2021 WL 1056532, at *5 (N.D. Cal. Mar. 17, 2021). Accordingly, the Court takes judicial notice of Exhibits 2, 3, 6, A, and E. Courts may also take judicial notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation and internal quotations omitted). Here, exhibits 1, 4, 5, B, C, and D are referenced in the FAC, and neither party disputes their authenticity. Accordingly, the Court takes judicial notice of Exhibits 1, 4, 5, B, C, and D. While the Court takes judicial notice of the parties' exhibits, it does not accept them for the truth of the matters asserted therein. See Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001).

In accordance with the foregoing, the Court **GRANTS** plaintiffs' and defendants' unopposed requests for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

## III.   BACKGROUND

The relevant facts are drawn from the FAC and the parties' judicially noticed documents.

### A.   The Parties

Plaintiffs Edward Asner, Michael Bell, Raymond Harry Johnson, Sondra James Weil, David Jolliffe, and Robert Clotworthy were participants in the SAG Health Plan at the time of the Health Plans Merger and have been participants in the SAG-AFTRA Health Plan since the Health Plans Merger.  FAC ¶¶ 35-40.  Plaintiffs Thomas Cook, Deborah White, and Donna Lynn Leavy have been participants in the SAG-AFTRA Health Plan since the Health Plans Merger.  Id. ¶¶ 41-43.  According to the FAC, plaintiffs are at least sixty-five years old and had obtained or would have obtained Senior Performer Coverage, which provided lifetime health coverage at the age of sixty-five to Plan participants who met certain criteria.  Id. ¶¶ 35-43.  Plaintiff Audrey Loggia is the surviving spouse of Robert Loggia, a SAG member who had Senior Performer Coverage.  Id. ¶ 44.  Prior to the Benefit Amendments described herein, the Plan had notified Ms. Loggia that she was entitled to health coverage as a surviving spouse for the rest of her lifetime or until she remarried.  Id.  Plaintiffs allege that, as a result of the Benefit Amendments, each of the named plaintiffs other than David Jolliffe will lose or will no longer qualify for SAG-AFTRA health coverage.[4]  Id. ¶ 35-44.

"The SAG-AFTRA Health Fund is joined as a party defendant to facilitate comprehensive relief on the claims and is not alleged to be a fiduciary."  Id. ¶ 45. Otherwise, the Board of Trustees of the SAG Health Plan at the time of the 2017 Health Plans Merger, the Board of Trustees of the SAG-AFTRA Health Plan immediately following the 2017 Health Plans Merger, and the current Board of Trustees for the SAG-AFTRA Health Plan are named as defendants.  Id. ¶¶ 46-48.

---

[4] Mr. Jolliffe had pre-qualified for health coverage through March 31, 2020.  FAC ¶ 39. As a result of the Benefit Amendments, his end benefit date was rolled back to December 31, 2020.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

### B.    The SAG Health Plan and Trust Agreement

The SAG Health Plan was formed in 1960 to provide health coverage to all members of the Screen Actors Guild ("SAG").  FAC ¶ 3.  In 1960, every SAG performer surrendered their television residuals earnings for movies made prior to 1960 in order to provide seed funding for the SAG pension and health plans.  Id.  Accordingly, "these performers, their beneficiaries and surviving spouses have never received, and continue not to receive, a cent from television airings of their pre-1960s work."  Id. ¶ 49.

The provisions of the SAG Health Plan Trust Agreement[5] (Dkt. 52 (Declaration of Emily L. Skaug ("Skaug Decl.")) ¶ 3, Ex. B) relevant to defendants' motion to dismiss state, in part, that:

- "The Health Fund is established for the exclusive purpose of providing certain health and welfare benefits (which may include medical, death, and other related benefits that may be provided by an organization exempt from income tax under Code Section 501(a) by virtue of being an organization described in Code Section 501(c)(9)) to Participants and their Beneficiaries, and shall further provide the means for financing and maintaining the operation and administration of the Health Fund and the Plan in accordance with this Agreement, the Plan, ERISA, the Code and other applicable law."  Id. at Art. II, § 2.

- "In administration of the Health Fund, the Plan Trustees are authorized and empowered . . . [t]o consent to or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities held by the Health Fund . . . [t]o enter into any and all contracts and agreements to carry out the terms of this Trust Agreement and for the administration of the Health Plan, and to do all acts which they in their discretion may deem necessary or advisable . . . [and t]o do all acts, whether or not expressly authorized herein, which the Plan Trustees may deem necessary or proper for the protection of the Health

---

[5] Capitalized terms used herein and not otherwise defined are defined as set forth in the SAG Health Plan Trust Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Fund." Id. at Art. IV, § 1.

- "Subject to the provisions of Section 5 of Article VIII, the Plan Trustees and any other fiduciary shall discharge their respective duties set forth in the Health Plan solely in the interest of the Participants and their beneficiaries, and:

    - a) For the exclusive purpose of providing benefits to Participants and their beneficiaries and defraying reasonable expenses of administering the Health Plan.

    - b) With the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Id., § 3.

- "No amendment of or change in the Health Plan may be adopted which will alter the basic principles hereof or be in conflict with the then existing collective bargaining agreements or contrary to any applicable law or governmental rule or regulation. No amendment may be adopted which will cause any of the assets of the Health Fund to be used for or diverted to purposes other than those herein authorized or which will retroactively deprive any person of any vested benefit." Id. at Art. VIII, § 2.

C.    **The SAG-AFTRA Merger and the Health Plans Merger**

In March 2012, SAG merged with the American Federation of Television and Radio Artists ("AFTRA") to become SAG-AFTRA (the "Union"). FAC ¶ 5. Prior to the merger, pension and health benefits were provided to the respective members of SAG and AFTRA by separate pension and health plans that were collectively bargained and subject to ERISA." Id. ¶¶ 5, 52. SAG members unsuccessfully attempted to prevent the merger through litigation, arguing that SAG had not adequately studied, evaluated, or disclosed the impact of the merger and that the expected future mergers of the SAG and AFTRA health and benefit plans would adversely impact SAG members. Id. ¶ 4, 53-56; see Sheen et al v. Screen Actors Guild et al, No. 2:12-cv-01468 (C.D. Cal.). During the Sheen litigation, the SAG members submitted the declaration of Alex M. Brucker, whom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

plaintiffs allege is an expert in pre-merger due diligence for ERISA plan mergers.  Id. ¶ 54.  In his declaration, Brucker stated "you cannot merge a rich plan (SAG) with a relatively poor plan (AFTRA) and thereby produce two SAG level plans.  Either benefits must be cut or contributions must be increased.  Studying this issue is the due diligence required."  Id. ¶ 56.

In response, plaintiffs allege that SAG asserted that any future merger of the unions' benefit plans would be within the purview of the benefit plan trustees, who would determine whether a merger was in the best interests of the participants and their beneficiaries.  Id. ¶ 57.  SAG Health Plan Trustee John McGuire, a defendant here, submitted a declaration stating that the SAG Health Plan was governed according to the SAG Health Plan Trust Agreement.  Id. ¶ 58.  SAG also submitted a "Feasibility Report" by attorney Deborah Lerner (the "Lerner Report"), which stated that "[a]cting as plan fiduciaries, a majority of the trustees of each plan would have to conclude separately that a merger would be in the best interests of their plan participants. . . . Because there is no legal requirement multiemployer plans be merged merely because the sponsoring Union of such plans has merged with another Union, each plan's board of trustees is free to accept or reject any merger proposal."  Skaug Decl. Ex. D at 9-10.  The Lerner Report also  stated that "[w]here a plan's governing documents provide that the trustees' actions are taken in a fiduciary capacity, the United States Department of Labor has clarified that their actions to establish, amend, design, merge or terminate a plan are also taken in their capacities as fiduciaries of the plan."  Id. at 9 n.6 (citing Department of Labor ("DOL") Field Assistance Bulletin 2002-2).  In any event, the SAG members' Sheen litigation failed to prevent the union merger, which was approved in March 2012.  FAC ¶ 5.

In June 2016, Union leadership announced that the SAG Health Plan Board of Trustees and the AFTRA Health Plan Board of Trustees had agreed to merge the SAG Health Plan with the AFTRA Health Plan.  Id.  ¶¶ 6, 68.  The Union represented that "extensive study" had been required prior to the Health Plans Merger.  Id. ¶ 69.  The Health Plans Merger was effective January 1, 2017.  Id. ¶¶ 7, 74.  It was not subject to the approval of the participants of either plan.  Id. ¶ 68.  The SAG-AFTRA Health Plan Trust Agreement provides:

> Purpose.  The Health Fund is established for the exclusive purpose of providing certain health and welfare benefits (which may include medical, death, and other related benefits that may be provided by an organization

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

exempt from income tax under Code Section 501(a) by virtue of being an organization described in Code Section 501(c)(9)) to Participants and their Beneficiaries, and shall further provide the means for financing and maintaining the operation and administration of the Health Fund and the Plan in accordance with this Agreement, the Plan, ERISA, the Code and other applicable law.

Skaug Decl. ¶ 4, Ex. C at Art. 2, § 2. Plaintiffs allege that at the time of the Health Plans Merger, "Union President Gabrielle Carteris stated that the merger would position the new health plan to be financially sustainable for all members for years to come." FAC ¶ 6, 68 (internal quotation marks omitted). In a letter to SAG-AFTRA members in the summer of 2016, defendant David White stated that the Health Plans Merger "is tremendous news for our membership on many fronts. Fully 65,000 souls who depend on these plans will become beneficiaries of a single, financially strengthened plan that offers automatic family coverage for all participants." Id. ¶ 70. The Health Plans Merger created opportunities to obtain health benefits for performers who previously did not qualify for coverage because their covered earnings were divided between the AFTRA and SAG Plans.[6] Id. ¶¶ 65, 68.

Initially, the merged SAG-AFTRA Health Plan continued to provide Senior Performer Coverage to both SAG and AFTRA participants. Senior Performer Coverage "provided the Union health benefit to members (and their qualified dependents and surviving spouses) who were age 65 and older [and] receiving a pension from either the SAG pension plan or AFTRA pension plan [], [as long as they had obtained] a certain number of Union pension credits from years of service." Id. ¶ 75. "Senior Performer Coverage was secondary to Medicare, unless the participant qualified for SAG-AFTRA as primary coverage through 'Earned Eligibility,' [which was] based on the participant's

---

[6] The SAG-AFTRA Health Plan is funded primarily through contributions by employers, whose contributions are determined based upon collective bargaining agreements with the Union. FAC ¶ 11. The contributions are generally calculated as a percentage of a performer's covered earnings, which consist of both "sessional earnings," i.e., wages earned for services performed that day, and "residual earnings," i.e., compensation for prior work when it is exhibited at a later point in another medium or in reruns. See id. ¶¶ 11, 86.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

total earnings." Id. "A participant whose earnings included only residuals was eligible only for secondary coverage under the SAG-AFTRA Health Plan." Id. The SAG-AFTRA Health Plan's 2017 Summary Plan Description stated that future benefits "are not promised, vested or guaranteed" and reserved the right to "reduce, modify or discontinue benefits or the qualification rules for benefits at any time." Dkt. 47 (Declaration of Myron D. Rumeld ("Rumeld Decl."), Ex. 4 at 291.

Plaintiffs claim that, by mid-2018, the SAG-AFTRA Health Plan Trustees knew the health benefit structure was not sustainable, which plaintiffs claim suggests that the SAG Health Plan Trustees either failed to sufficiently evaluate the Health Plans Merger or discovered the benefit structure was not sustainable and proceeded anyway. FAC ¶¶ 79, 94, 127. Accordingly, plaintiffs allege that the "SAG Health Plan Trustees breached their ERISA fiduciary duties in effecting the Health Plans Merger and the related amendments to the SAG Health Plan Trust Agreement." Id. ¶ 19. Plaintiffs contend that "[a] diligent pre-merger investigation and analysis would have revealed that the merged health plan would not have a benefit structure sustainable for all participants under the operative collective bargaining agreements, and the inadvisability of proceeding with the merger given the detrimental impact it would have on the interests of the SAG Health Plan participants and their beneficiaries." Id. In any event, the SAG-AFTRA Health Plan had widening deficits beginning in 2018 and continuing thereafter. Id. ¶ 127.

**D.    The Health Benefit Amendments**

On August 12, 2020, the SAG-AFTRA Health Plan announced modifications (the "Benefit Amendments") to its benefit structure that the Plan stated were driven by its dire financial condition. FAC ¶ 8; see Rumeld Decl., Ex. 5 at 433-435. The Benefit Amendments included the elimination of Senior Performer Coverage, "which [previously] entitled participants (and their dependents and surviving spouses) to a lifetime SAG-AFTRA health benefit at age 65 upon accruing 20 years of vested pension service." FAC ¶ 85. These participants were directed to use Medicare as their primary coverage, unless they could satisfy the earnings threshold for primary coverage with their sessional earnings.[7] Id. ¶ 87; see Rumeld Decl., Ex. 1 at 18. For secondary coverage,

---

[7] As a result of the Benefit Amendments, the residual earnings of participants age sixty-five and older who are taking a Union pension no longer count toward earnings-based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

participants who had previously been entitled to Senior Performer Coverage were directed to Via Benefits, a private market broker. FAC ¶ 87. Plaintiffs claim that obtaining health coverage under Via Benefits (or other private market alternatives) "will cost many performers and their dependents and surviving spouses up to four times more than the SAG-AFTRA health benefit provided to them for decades." Id.

Plaintiffs allege the Benefit Amendments "disqualified residuals earnings of participants age 65 and older who are taking a Union pension from counting toward earnings-based eligibility for the Union health benefit." Id. ¶ 9. Moreover, plaintiffs claim that the Benefit Amendments "immediately set the base earnings year for all participants 65 years of age or older to October 1-September 30." Id. ¶ 89. Plaintiffs allege that this change "unfairly limited the time for these affected older participants to urgently pursue sessional opportunities." Id. Plaintiffs claim that these changes to earnings-based eligibility "targeted participants age 65 and older to prevent these participants from obtaining the Union health benefit," and note that "the base earnings year for participants younger than 65 remained unchanged." Id. ¶¶ 86, 89. Finally, plaintiffs allege that the Benefit Amendments "impose penalty on participants age 65 and older who take a Union pension, as participant's decision whether to take a vested pension is taxed with the loss of residuals earnings toward the Union health benefit." Id. ¶ 134. Plaintiffs claim that participants who will no longer qualify for the health benefit have funded the SAG-AFTRA Health Plan's "fund reserve" throughout their careers and that their contributions to the health plan will continue to be made at the same rate. Id. ¶ 128.

At the time of the Benefit Amendments, the Plan stated that "the Benefit [Amendments] would remove 10% of the plan's 33,000 participants and 9% of their 32,000 dependents from SAG-AFTRA health coverage." Id. ¶ 13. However, plaintiffs allege that the Benefit Amendments will prevent 8,000 Plan participants from obtaining Senior Performer Coverage. Id. As a result, according to plaintiffs, "the Benefit [Amendments] will likely eliminate more than one-third of health plan participants from the Union health benefit, while employers will continue to contribute to the health plan

---

eligibility for the Union health benefit, even though all earnings of these participants for Union work will continue to fund the SAG-AFTRA health plan under the collective bargaining agreements. FAC ¶¶ 7, 9, 11, 13, 50, 75-76, 118.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL |

based on all earnings of these participants under the operative collective bargaining agreements, and Union dues will continue to be assessed based on all earnings of these participants." Id.

Ultimately, plaintiffs allege "the SAG-AFTRA Health Plan Trustees breached their ERISA fiduciary duties in effecting the Benefit [Amendments, which] target[] participants 65 or older for elimination from the Union health benefit based on age." Id. ¶ 21. At least 13 SAG-AFTRA Health Plan participants have filed claims with the EEOC challenging the Benefit Amendments. Id.

### E. Alleged Failure to Disclose Material Information

Plaintiffs claim SAG-AFTRA Health Plan trustees Richard Masur and Barry Gordon told participants in August 2020—the month of the Benefit Amendments—that the SAG-AFTRA Trustees had "known for two years that the merged plan's benefit structure was not sustainable under the operative collective bargaining agreements without additional funding." FAC ¶ 12. Similarly, plaintiffs allege that on August 19, 2020, Masur and Gordon represented that the Benefit Amendments had been in the works for two years. Id. ¶ 15.

According to plaintiffs, "[d]uring this two-year period in which the health plan trustees spent working to figure out how to preserve the Union health benefit, the three major collective bargaining agreements were negotiated and approved." Id. ¶ 16. Plaintiffs claim that during the three collective bargaining agreement ("CBA") negotiations, terms such as employer benefit contributions and the diversion of wages to fund the SAG-AFTRA Health Plan were able to be renegotiated. Id. ¶¶ 16, 97. However, plaintiffs allege the SAG-AFTRA Health Plan Trustees (several of whom allegedly participated in the contract negotiations) failed to disclose that "the newly negotiated contract terms were insufficient to sustain the health benefit structure for all participants, and that [amendments to] the Union health benefit were coming without increased funding." Id. ¶ 17.

The "Commercials" CBA put to a membership vote and approved in April 2019; the "Netflix" CBA was approved in summer 2019 without a membership vote; the TV/Theatrical CBA was put to a membership vote and approved in July 2020. Id. ¶¶ 99-101. Plaintiffs claim that "SAG-AFTRA Health Plan Trustees David White and Ray

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Rodriguez (Chief Contracts Officer) were the lead negotiators on all three contract negotiations" and that "[f]our trustees – Defendants David White, Ray Rodriguez, Linda Powell and Michael Pniewski - participated in the negotiation or approval of the 2020 TV/Theatrical and Netflix contracts." Id. ¶ 102. Plaintiffs allege that, despite this overlap, the SAG-AFTRA Health Plan Trustees failed to disclose that "the negotiated contract terms were insufficient to sustain the health benefit structure for all participants."[8] Id. Moreover, plaintiffs allege that the Plan trustees who participated in the CBA negotiations without disclosing the SAG-AFTRA Health Plan's funding issues misled the Plan participants and their representative by accepting and approving CBA terms they knew were inadequate to sustain the benefit structure. Id.

According to plaintiffs, the SAG-AFTRA Health Plan Trustees' "failure to disclose [the need for additional funding] to the Union negotiating team and the voting National Board and membership was materially misleading" and represents a breach of their "ERISA fiduciary duty to disclose material information to the plan and the participants concerning plan assets and benefits." Id. ¶ 20, 106. Plaintiffs claim that if the Union negotiating team was aware of the need for additional funding for the health benefit, they "could have directed and/or negotiated [] more money into the SAG-AFTRA Health Plan." Id. ¶ 106. Similarly, "members could have made informed decisions concerning the value of the package to them, in voting on the contracts." Id.

## IV.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under 12(b)(6), a district court should dismiss a claim if "there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[8] Similarly, plaintiffs allege the SAG-AFTRA Health Plan Trustees failed to disclose the possibility of changes to the health benefit in April 2020, when SAG-AFTRA "announced a three-month reduction in health plan premiums and an extension of the Union dues deadline, in response to the COVID-19 pandemic." FAC ¶ 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|---------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a 12(b)(6) motion, a court must accept as true all material allegations in the complaint, and all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1988). A court must read the complaint in the light most favorable to the non-movant. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a 12(b)(6) motion into a motion for summary judgment, the court cannot consider material outside of the complaint, such as facts presented in briefs, affidavits, or discovery materials. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). However, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be granted freely. Fed. R. Civ. P. 15(a). However, the court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20cv10914CAS(JEMx) | | Date | August 30, 2021 |
|----------|----------------------|--|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | | |

806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## V.   DISCUSSION

### A.   ERISA Fiduciary Duty and Co-Fiduciary Duty

Plaintiffs bring breach of fiduciary duty (Count I) and breach of co-fiduciary duty (Count III) claims against the SAG Health Plan Board of Trustees and the SAG Trustee Defendants for the Health Plans Merger, and in particular for the failure to conduct a diligent pre-merger investigation and analysis to assess the impact of the merger on the SAG Health Plan and its participants. FAC ¶¶ 160-167, 178-185. Plaintiffs also bring breach of fiduciary duty (Count II) and breach of co-fiduciary duty (Count IV) claims against the SAG-AFTRA Health Plan Board of Trustees and the SAG-AFTRA Trustee Defendants for implementing the allegedly age-discriminatory Benefit Amendments and for failing to disclose the SAG-AFTRA Health Plan's precarious financial structure during the Union's collective bargaining processes in 2019 and 2020. FAC ¶¶ 168-177, 186-191.

ERISA holds fiduciaries to the following standard of care:

"(a) Prudent man standard of care

(1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | | Date | August 30, 2021 |
|----------|----------------------|---|------|-----------------|
| Title    | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | | |

>        like capacity and familiar with such matters would use in the
>        conduct of an enterprise of a like character and with like aims;
>
>        (C) by diversifying the investments of the plan so as to
>        minimize the risk of large losses, unless under the
>        circumstances it is clearly prudent not to do so; and
>
>        (D) in accordance with the documents and instruments
>        governing the plan insofar as such documents and instruments
>        are consistent with the provisions of this subchapter and
>        subchapter III."

29 U.S.C.A. § 1104(a). For the claims of direct breach of fiduciary duty (Counts I and II), plaintiffs argue that the respective defendants "(a) failed to act solely in the interest of the participants and beneficiaries of the Plans for the exclusive purpose of providing them benefits, in violation of ERISA []; (b) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA []; and (c) failed to act in accordance with the documents and instruments governing the Plan[.]" FAC ¶¶ 166, 175.

With respect to plaintiffs' claims for breach of co-fiduciary duty, Under ERISA, "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

>        (1) if he participates knowingly in, or knowingly undertakes to
>        conceal, an act or omission of such other fiduciary, knowing such act
>        or omission is a breach;
>
>        (2) if, by his failure to comply with section 1104(a)(1) of this title in
>        the administration of his specific responsibilities which give rise to his
>        status as a fiduciary, he has enabled such other fiduciary to commit a
>        breach; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                     'O'

| Case No. | 2:20cv10914CAS(JEMx) | | Date | August 30, 2021 |
|----------|----------------------|---|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | | |

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

29 U.S.C.A. § 1105(a).  Plaintiffs allege that, as co-fiduciaries, the respective defendants "knowingly participated in, breached their own duties enabling other breaches, and/or took no steps to remedy these and the other fiduciary breaches" in violation of ERISA.  FAC ¶¶ 180-181, 188-189.

**B.    Plaintiffs' Claims**

Defendants argue that plaintiffs' breach of fiduciary duty and co-fiduciary duty claims must be dismissed because "[i]t is well-settled that plan sponsors do not act as fiduciaries when making decisions that concern the structure or design of the plan, including—as challenged here—decisions to merge plans and to amend a plan's benefit provisions.  MTD at 16, 17.  Accordingly, defendants claim, "these types of decisions cannot be challenged under ERISA's fiduciary liability provisions."  Id. at 17.

In response, plaintiffs contend that the decision to merge the SAG and AFTRA health plans, the decision to enact the allegedly discriminatory benefits changes, and the failure to disclose information in aid of collective bargaining negotiations were all actions subject to ERISA fiduciary duties.  Opp. at 16, 23-26, 27-28.

ERISA's definition of fiduciary states that:

"[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

29 U.S.C. § 1002(21)(A).  Accordingly, "[i]n every case charging breach of ERISA fiduciary duty . . . the threshold question is not whether the actions of some person . . . adversely affected a plan beneficiary's interest, but whether that person was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000).

Generally, under ERISA, the challenged conduct must constitute an act of plan "administration" or "management" to qualify for fiduciary status. See Varity v. Howe, 516 U.S. 489, 802-503 (1996). "'[B]ecause [the] defined functions [in the definition of fiduciary] do not include plan design, an employer may decide to amend an employee benefit plan without being subject to fiduciary review.'" Lockheed Corp. v. Spink, 517 U.S. 882, 890, 116 S. Ct. 1783, 1789, 135 L. Ed. 2d 153 (1996) (citing Siskind v. Sperry Ret. Program, Unisys, 47 F.3d 498, 505 (2d Cir. 1995)). In other words, "[a]n exception to the application of ERISA-governed fiduciary rules is the well entrenched doctrine of settlor activities,[9] whereby a plan sponsor is deemed to wear a nonfiduciary hat in certain employer or business activities such as deciding to establish, amend or terminate a plan."[10] Lee T. Polk, 1 ERISA Practice and Litigation § 2:9 (2020 ed.). Generally

The Supreme Court has stated that "ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits. Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995); see also Bins v. Exxon Co. U.S.A., 220 F.3d 1042, 1047 (9th Cir. 2000) ("It is well established that a company does not act in a fiduciary capacity when deciding to amend or terminate a welfare benefits plan."). Accordingly, "[t]hat [a company] amended its plan to deprive respondents of health benefits is not a cognizable complaint under ERISA; the only cognizable claim is that the [company] did not do so in a permissible manner." Curtiss-Wright Corp., 514 U.S. at 78.

---

[9] Decisions regarding "the form or structure of a plan" are normally "settlor functions." Beck v. PACE Int'l Union, 551 U.S. 96, 101 (2007) (internal citations and quotation marks omitted). "[S]ettlor functions" are generally immune from ERISA's fiduciary obligations. Id.

[10] The settlor-fiduciary distinction applies to decisions by trustees of both single employer and multiemployer plans. See Endries v. Bd. of Dirs. of the Motion Picture Indus. Health Plan, No. 2:20-cv-06347-RGK-AGR, 2020 WL 6253320, at *3-4 (C.D. Cal. Oct. 7, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                     'O'

| Case No. | 2:20cv10914CAS(JEMx) | | Date | August 30, 2021 |
|----------|----------------------|---|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | | |

Although decisions concerning plan design are normally "settlor" in nature, and therefore not subject to ERISA fiduciary duties, the implementation of decisions concerning plan design can be subject to ERISA fiduciary duty. See Waller v. Blue Cross of California, 32 F.3d 1337, 1342 (9th Cir. 1994). In Waller, defendants decided to terminate a retirement plan. Id. at 1339. The plaintiffs alleged that the defendants breached their fiduciary duty in the selection of annuity providers by "unlawfully employing an infirm bidding process geared solely toward selecting those annuity providers who would enable defendants to obtain the maximum reversion possible." Id. Accordingly, the court found that "plaintiffs attack[ed] not the decision to terminate, but rather the implementation of the decision." Id. at 1342. The Ninth Circuit stated that it "believe[s] that this distinction is dispositive and [concluded] that Blue Cross acted in a fiduciary capacity when choosing annuity providers to satisfy plan liabilities." Id.

Moreover, "the Supreme Court has held that communicating information about likely future plan benefits falls within ERISA's statutory definition of a fiduciary act." Bins, 220 F.3d at 1047-48 (citing Varity, 516 U.S. at 502-503). In Varity, the Supreme Court found that "international representations about the future of plan benefits" that are "materially misleading" are acts of plan administration can be subject to ERISA-imposed fiduciary obligations. Varity, 516 U.S. at 505. In the Ninth Circuit, "[a]n employer's serious consideration of a change to a plan does not, in and of itself, implicate ERISA's fiduciary duties." Bins, 220 F.3d at 1053. However, "when an employer communicates with its employees about a plan, fiduciary responsibilities come into play." Id.

The Court now addresses plaintiffs' allegations and the parties' arguments.

1.    The Health Plans Merger (Count I)

In Count I, plaintiffs allege that the SAG Health Plan Board of Trustees and the SAG Trustee Defendants violated their ERISA-imposed fiduciary obligations in effecting the Health Plans Merger. FAC ¶¶ 163. Plaintiffs claim that the SAG Health Plan Board of Trustees and the SAG Trustee Defendants failed to conduct a diligent, fully informed pre-merger investigation and analysis prior to effectuating the Health Plans Merger. FAC ¶ 165. According to plaintiffs, this failure violates ERISA's prudent man standard of care and SAG Health Plan documents, and is contrary to previous SAG communications regarding the Health Plans Merger. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Defendants argue that plaintiffs "have no viable claim for fiduciary breach premised on the SAG Trustees' decision to merge the two health plans" because that decision "concerns the structure of the plan and thus falls squarely within the realm of settlor functions." MTD at 19-20. Moreover, defendants contend that "none of the alleged representations made by or on behalf of the SAG union (not the Plan) regarding the manner in which a plan merger decision would be made converts that decision from a settlor function to a fiduciary function." MTD at 21. Finally, defendants claim that plaintiffs' attempt to subject to the SAG trustees to fiduciary duty with respect to the merger decision through the SAG Plan's trust agreement fails because "[t]he referenced trust provision merely parrots ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) and states that fiduciary duties apply when the SAG Trustees are 'discharg[ing]' their fiduciary duties; it does not purport to apply fiduciary duties to the discharge of settlor/non-fiduciary functions." MTD at 20-21 (citing FAC ¶ 59).

In response, plaintiffs argue that the SAG Health Plan Trustees' authority to merge pursuant to the SAG Health Plan Trust Agreement was "expressly in their powers and duties in Article IV Section 1 in plan 'administration,' and expressly subject to ERISA fiduciary duties." Opp. at 17. In the alternative, plaintiffs argue that even if the "technical decision" to pursue a potential merger was a decision concerning plan design, the merger evaluation process, the discretionary choice to proceed with the merger, and the public statements in support of the merger were ERISA fiduciary actions in plan "administration." Id. at 17, 20. With respect to the aforementioned public statements, plaintiffs focus on defendant White's letter in the Summer of 2016, where White stated the Health Plans Merger would result in a "financially strengthened" plan. Id. at 19-20; see FAC ¶¶ 70-71. Plaintiffs argue that White's statements "were either misleading because they were not made on the basis of an exercise of the requisite care, skill and diligence, or were knowingly false, in either case in breach of [] ERISA fiduciary duties." Opp. at 20.

In reply, defendants argue that there is no basis for distinguishing the subcomponents of the merger decision-making process with the merger itself. Reply at 11-12. Defendants add that, with respect to Mr. White's statements, "Count I does not purport to state a fiduciary breach claim based on Mr. White's statements, let alone attribute any harm to those statements." Reply at 15 (citing FAC ¶¶ 160-67).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Viewing the complaint in the light most favorable to the non-moving party, the Court finds and concludes that plaintiffs state a claim for breach of ERISA fiduciary duty for defendants' actions in connection with the Health Plans Merger. Normally, the decision to merge plans is a decision regarding form and structure, and therefore does not invoke the fiduciary duty provisions of ERISA. See Beck v. PACE Int'l Union, 551 U.S. 96, 102 (2007); see also Malia v. Gen. Elec. Co., 23 F.3d 828, 833 (3d Cir. 1994) ("Efforts by an employer to merge two pension plans do not invoke the fiduciary duty provisions of ERISA."). However, here, plaintiffs allege that the SAG Health Plan Board of Trustees and the SAG Trustee Defendants failed to conduct a diligent pre-merger investigation despite affirmative communications that they would review "the long-term financial viability" of a merged SAG-AFTRA plan before proceeding with the merger. FAC ¶¶ 57, 165. Moreover, immediately after the announced merger, defendant White stated that the Health Plans Merger would result in a "financially strengthened" plan. In Varity, the Supreme Court held that "making intentional representations about the future of plan benefits" which are, in context, "materially misleading . . . is an act of plan administration" subject to ERISA-imposed fiduciary obligations. Varity Corp., 516 U.S. at 505. Plaintiffs further allege that defendants' pre-merger statements about the merger process and post-merger statements about the future financial strength of the merged plan were materially misleading given that, less than two years after the merger, the SAG-AFTRA Health Plan's funding was insufficient and benefit reductions were already being discussed. See FAC ¶ 79. Accordingly, the gravamen of plaintiffs' claims is not the decision to amend the plan, but the allegedly inadequate pre-merger evaluation process, and the defendants' allegedly materially misleading communications that pre-date and post-date the Health Plans Merger. Such allegations plausibly give rise to an entitlement to relief.[11]

_____

[11] At oral argument, defendants argued that the Court's conclusion that an allegedly inadequate pre-merger process can support a breach of ERISA-imposed fiduciary duty claim does not square with Paulsen v. CNF Inc., 559 F.3d 1061 (9th Cir. 2009). Defendants stated that, in Paulsen, the employer knew that the decision to spinoff would turn out badly for the participants who were spun off, but nevertheless the Ninth Circuit dismissed plaintiffs' ERISA breach of fiduciary duty claims. Despite defendants' arguments, this Court does not read Paulsen to foreclose claims for breach of ERISA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Moreover, plaintiffs contend that the SAG Health Plan Trust Agreement imposed ERISA fiduciary duties on the merger decision. See Opp. at 17, 21 (citing Skaug Decl. Ex. B at Art. IV, § 3). The SAG Health Plan Trust Agreement provision cited by plaintiffs states that "the Plan Trustees and any other fiduciary shall discharge their respective duties set forth in the [SAG] Health Plan solely in the interest of the Participants and their beneficiaries[.]" Skaug Decl. Ex. B at Art. IV, § 3. This provision largely tracks ERISA's fiduciary duty standard. See id.; 29 U.S.C.A. § 1104. Plaintiffs also note that "the authority to merge the plan was expressly defined by the trust agreement" in a section with a preamble stating that "[i]n the administration of the Health Fund, the Plan Trustees are authorized and empowered as follows."[12] Opp. at 21; Skaug

---

fiduciary duty based on an inadequate investigation prior to a settlor decision, especially where, as here, the defendants affirmatively represented that they would consider the long-term effects of the settlor decision before proceeding. In Paulsen, the district court dismissed the plaintiffs' breach of ERISA fiduciary claim for, inter alia, the "fail[ure] to supervise, monitor, and investigate" the basis for an actuarial valuation due to a lack of standing and based on "factual findings" that "there was no breach of fiduciary duty" because the plan participants "received a benefit after the spinoff that was equal to or greater than the benefit they would have received immediately before the spinoff" and because the plan "remained properly funded for the next five years." Paulsen, 559 F.3d at 1068-69. The Ninth Circuit affirmed the dismissal of this ERISA fiduciary duty claim, holding that plaintiffs "ha[d] not satisfied the requirements of constitutional standing" because they "[could not] demonstrate that it [was] 'likely,' as opposed to merely 'speculative,' that any injury to the [plan's] participants [would] be 'redressed by a favorable decision.'" Id. at 1072-73 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). Accordingly, in Paulsen, the facts are distinct from those alleged here.
[12] Plaintiffs also cite Department of Labor ("DOL") Bulletin 2002-2, which states that "where relevant documents (e.g., collective bargaining agreements, trust documents, and plan documents) contemplate that the board of trustees of a multi-employer plan will act as fiduciaries in carrying out activities which would otherwise be settlor in nature, such activities would be governed by the fiduciary provisions of ERISA. In our view, such designation by the plan would result in the board of trustees exercising discretion as fiduciaries in the management or administration of a plan or its assets when undertaking the activities." DOL Field Assistance Bulletin 2002-2. The Court notes that DOL

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                 'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

Decl. Ex. B at Art. IV, § 1.  In response, defendants argue that the power to merge is not a "duty" of the Plan Trustees or any other fiduciary, but is a power they possess.  Reply at 10; see Skaug Decl. Ex. B at Art. IV, § 1.  Moreover, defendants contend that the use of the term "administration" in the preamble to Section 1 does not serve to impose ERISA fiduciary duties on settlor functions.  Reply at 11; see Skaug Decl. Ex. B at Art. IV, § 1. Finally, defendants claim that plaintiffs "have not cited a single case standing for the proposition that the terms of a plan's trust agreement can override the effect of Supreme Court authority on what types of activities are considered settlor functions outside the scope of ERISA's fiduciary rules."  Reply at 10.

As the Court has already found that plaintiffs' state a claim for breach of ERISA fiduciary duty in connection with the Health Plans Merger without relying on the SAG Health Plan Trust Agreement, the Court declines to rule on the whether SAG Health Plan Trust Agreement imposed ERISA fiduciary duties on the merger decision.  Still, the Court would refrain from granting a motion to dismiss where the meaning of certain provisions of a trust agreement is at issue without first considering extrinsic evidence. See Ike v. Doolittle, 61 Cal. App. 4th 51, 73 (1998) ("In interpreting a document such as a trust, it is proper for the trial court . . . to consider the circumstances under which the document was made so that the court may be placed in the position of the testator or trustor whose language it is interpreting, in order to determine whether the terms of the document are clear and definite, or ambiguous in some respect."); see also In re W. Asbestos Co., 416 B.R. 670, 695 (N.D. Cal. 2009) ("Where the meaning of the words used in a contract is disputed, the trial court must provisionally receive any proffered extrinsic evidence that is relevant to show whether the contract is reasonably susceptible of a particular meaning.") (citing Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co., 69 Cal. 2d 33, 39-40 (1968)).

Defendants also argue that plaintiffs' claim that the SAG Trustees' decision to merge the SAG and AFTRA Plans was imprudent is premised on the incorrect assumption that the SAG Plan was a better plan and was in better financial condition than the AFTRA plan.  MTD at 25.  The reality, defendants contend, is that "the AFTRA Plan

---

Bulletin 2002-2 is not controlling.  See Patelco Credit Union v. Sahni, 262 F.3d 897, 908 (2001) (A Department of Labor advisory opinion "applies only to the situation described therein.  Only the parties described in the request for opinion may rely on the opinion."). However, DOL Bulletin 2002-2 is entitled to respect, and counsels in plaintiffs' favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                      **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

was actually in better financial shape than the SAG Plan just prior to the merger." Id. Defendants state that once plaintiffs' "demonstrably false and "unwarranted deductions of fact" concerning the plans' pre-merger conditions are properly disregarded by the Court," plaintiffs fail state a plausible claim regarding the Health Plans Merger.[13] Id.

In response, plaintiff contends that any argument about the relative strengths of the SAG Health Plan and the AFTRA Health Plan mischaracterizes their claim, which is that "the SAG Health Plan Trustees chose to proceed with a merger that purportedly would strengthen the Plan and ensure comprehensive benefits for all participants rather than remain as a stand-alone plan, and the merger, in fact, was doomed by a potentially fatal structural imbalance shortly after the merger." Opp. at 22. Moreover, plaintiffs claim that defendants' arguments about the relative strength of the separate plans raise questions of fact that do not support Rule 12(b)(6) dismissal. Id.

In Reply, defendants point out the complaint alleges that the SAG-AFTRA Trustees only became aware of the funding imbalance two years after the merger. Reply at 17 (citing FAC ¶¶ 68, 79). Defendants claim that "[s]uch after-the-fact developments cannot give rise to a reasonable inference that it was imprudent to decide to merge the SAG and AFTRA plans back in mid-2016." Reply at 17.

The Court concludes that defendants' argument fails to meet plaintiffs' claim, which is that the SAG Health Plan Board of Trustees and the SAG Trustee Defendants failed to conduct a diligent, fully informed pre-merger investigation and analysis prior to effectuating the Health Plans Merger. See FAC ¶ 165. In any event, the Court finds and concludes it is inappropriate to grant defendants' motion to dismiss on the basis of fact-intensive contentions regarding the relative strength of the SAG and AFTRA plans prior to the Health Plans Merger, whether a diligent pre-merger investigation would have revealed the Health Plans Merger was imprudent, and why the SAG-AFTRA Health Plan began to suffer financial difficulties less than two years after the Health Plans Merger.

---

[13] Defendants claim that prior to the Health Plans Merger, on a per-participant basis, the AFTRA plan had almost triple the assets of the SAG plan. MTD at 11-12 (citing Rumeld Decl., Ex. 2 at 118, 190, 211; Ex. 3 at 228, 256, 275). Moreover, defendants assert that the SAG plan had a deficit of over $10 million in 2016, while the AFTRA plan had a $29 million surplus. MTD at 12 (citing Rumeld Decl., Ex. 2 at 198; Ex. 3 at 264).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | | Date | August 30, 2021 |
|---|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | | |

Defendants may renew these arguments on a motion for summary judgment upon a developed factual record.

Accordingly, defendants' motion to dismiss plaintiffs' claim for breach of ERISA fiduciary duty in Count I for the Health Plans Merger is **DENIED**.

> 2.     The Benefit Amendments (Count II)

Plaintiffs allege that the SAG-AFTRA Health Plan Board and the SAG-AFTRA Trustee Defendants "approved and implemented the Benefit [Amendments] that targeted and discriminated against participants age 65 and older based on their age," in violation of their ERISA-imposed fiduciary obligations, which, inter alia, required them "to administer and manage the SAG-AFTRA Health Plan and its assets solely for the benefit of the participants and their beneficiaries." FAC ¶ 170-74

Defendants contend that plaintiffs claim for fiduciary breach based on the Benefit Amendments is "'directly foreclosed by [Lockheed's] holding that, without exception, [p]lan sponsors who alter the terms of a plan do not fall into the category of fiduciaries.'" MTD at 21 (quoting Hughes Aircraft, 525 U.S. at 445). Defendants further argue that plaintiffs cannot avoid dismissal of their claims concerning the 2020 Plan Amendments by framing it as a violation of plan documents because "ERISA § 404(a)(1)(D) only purports to require plan fiduciaries to act in accordance with plan documents and, for the reasons stated, the SAG-AFTRA Trustees were not acting as fiduciaries in amending the Plan." MTD at 22. Finally, defendants contend that plaintiffs' argument that the SAG Health Plan's trust agreement required that the health plan "be 'managed and administered' or 'operate[d]' in accordance with applicable law is of no moment because any reference to plan management, administration, and operation clearly applies to fiduciary conduct, not settlor acts." Id. at 23.

In response, plaintiffs argue that the SAG-AFTRA Health Plan Trustees discretionary choice to "oust[] senior performers" among several options to amend the plan was a choice made in plan administration and is therefore subject to ERISA-imposed fiduciary obligations. Opp. at 28. Plaintiffs cite Waller, 32 F.3d 1337, for the proposition that "the [SAG-AFTRA] Trustees' discretionary choice among options to amend the Plan to change the benefit structure to cut Plan costs was made in Plan 'administration' subject to ERISA fiduciary duties." Opp. at 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

In reply, defendants claim that "the plan sponsor's motivation for amending a plan" and "whether the plan sponsor could have addressed a funding imbalance in other ways" do not have any bearing on "the fact that the act of amending is non-fiduciary." Reply at 19.

The Court finds and concludes that, like the <u>Waller</u> plaintiffs, the plaintiffs attack the "the implementation of the decision" to enact changes to the benefits offered under the SAG-AFTRA Health Plan rather than the decision to enact amendments.[14]  <u>See</u> <u>Waller</u>, 32 F.3d at 1342; <u>see also</u> <u>Bussian v. RJR Nabisco, Inc.</u>, 223 F.3d 286, 295-96 (5th Cir. 2000) (The decision to terminate a plan is not covered by ERISA, but fiduciary's acts in implementing the termination are covered.).  Here, plaintiffs allege that defendants had learned by mid-2018 "that the merged plan's benefit structure was not sustainable" and were told by SAG-AFTRA Trustee Defendants Masur and Gordon that "the Benefit [Amendments] were "in the works for two years."  Plaintiffs further allege that, in this two-year period, the SAG-AFTRA Health Plan Board and the SAG-AFTRA Trustee Defendants implemented the Benefit Amendments in a manner that targeted older health plan participants.  FAC ¶ 174.  At this stage, viewing the complaint in the light most favorable to the non-movants, plaintiffs' claims target the implementation of the Benefit Amendments rather than the decision to enact the Benefit Amendments.  Moreover, as noted previously, ruling on defendants' argument that the Plan's trust agreement does not impose any additional ERISA fiduciary duty obligations on the SAG-AFTRA Health Plan Board or the SAG-AFTRA Trustee Defendants is premature.

---

[14] At oral argument, defendants attempted to distinguish <u>Waller</u> by arguing that, in <u>Waller</u>, the "implementation decision," i.e., the selection of annuity providers, was entirely distinct from the business decision to terminate the retirement plan at issue.  <u>See</u> <u>Waller</u>, 32 F.3d at 1342.  Defendants further contended that here, unlike in <u>Waller</u>, plaintiffs fail to allege a separate fiduciary implementation decision because the Benefit Amendments are themselves the substantive terms of the decision to enact benefit changes.  The Court reiterates that it is premature to conclude as a matter of law that the Benefit Amendments did not contain an actionable implementation component.  Determinations regarding the settlor and/or fiduciary nature of defendants' conduct in connection with the Benefit Amendments are fact-based in nature and inappropriate for resolution at the motion to dismiss stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

While defendants contend that "ERISA cannot be used to circumvent the age discrimination laws" and that "the 2020 Plan Amendments do not violate the age discrimination laws since they do not distinguish among participants based on age, but rather based on retiree and pension status" (MTD at 27), the Court does not interpret plaintiffs' claim as an attempt to circumvent age discrimination laws. Rather, plaintiffs seek to recover for the implementation of health benefit reductions which plaintiffs allege violate defendants' ERISA-imposed fiduciary obligation to "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries," including "participants age 65 and older."[15] See FAC ¶¶ 171-72; 29 U.S.C.A. § 1104(a).

Accordingly, defendants' motion to dismiss plaintiffs' claim for breach of ERISA fiduciary duty in Count II for the Benefit Amendments is **DENIED**.

        3.      <u>Failure to Disclose (Count II)</u>

Plaintiffs allege that the SAG-AFTRA Health Plan Board and the SAG-AFTRA Trustee Defendants breached their ERISA-imposed fiduciary obligations in connection with their alleged failure to disclose the Plan's funding shortfall, despite the opportunity to remedy the shortfall by securing additional funding through the negotiation and approval processes for three major CBAs. <u>See, e.g.</u>, FAC ¶¶ 173.

Defendants argue that their alleged failure to disclose the Plan's funding shortfall during the negotiation and ratification of three CBAs in 2019 and 2020 cannot subject them to ERISA's fiduciary duty rules because they were not undertaken in a fiduciary capacity. MTD at 23. Defendants cite <u>Hall</u>, where this court held that acts of unions or employer representatives during collective bargaining "are governed not by fiduciary duties under ERISA, but by the good faith bargaining rules of labor law" because "[t]he demands of these two sets of rules are not compatible." <u>Hall v. Hill Refrigeration, Inc.</u>, 36 F. Supp. 2d 1185, 1189 (C.D. Cal. 1999); see MTD at 24.

---

[15] The Court notes that "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits." <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 91 (1983). However, the Court does not view plaintiffs' breach of fiduciary duty claim in connection with the Benefit Amendments as an effort to sidestep the requirements of the applicable age discrimination statutes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|-----------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

In response, plaintiffs cite case law suggesting that "[a]n ERISA fiduciary 'has an obligation to convey complete and accurate information material to the beneficiary's circumstances, even when a beneficiary has not specifically asked for the information.'" Opp. at 23 (citing Barker v. American Mobil Power Corp., 64 F.3d 1397, 1403 (9th Cir. 1995)). Plaintiffs contend that "the SAG-AFTRA Health Plan Trustees had been working nearly every day since mid-2018" to address the SAG-AFTRA Health Plan's structural imbalance but withheld this information, even though it "was vitally important to the Plan participants and their representatives" in connection with CBA negotiation and approval processes that affect the funding of the Plan. Opp. at 24-25; see FAC ¶¶ 94-101. Plaintiffs cite Farr v. U.S. W. Commc'ns, Inc., 151 F.3d 908 (9th Cir. 1998), where the Ninth Circuit held that "[d]efendants' failure to explain to Plaintiffs in either written or verbal communications the potentially negative [] consequences they might face by choosing to participate in [a] retirement plan was a breach of [d]efendants' fiduciary duties." Id. at 914; see Opp. at 24. The court added that "[d]efendants had an obligation to explain the nature of the potential problem and, in general terms, who might be negatively affected." Id. at 915.

In reply, defendants contend that "[p]lantiffs do not cite a single case sustaining a fiduciary breach claim for failure to disclose information that allegedly occurred during and would have aided in the collective bargaining process." Reply at 25. Defendants claim that plaintiffs' cited authorities "stand for the unrelated proposition that a fiduciary has a duty to disclose information to participants while engaged in acts of plan administration," and reiterate that collective bargaining is not an act of plan administration or management. Reply at 24-25.

Defendants' reliance on Hall, 36 F. Supp. 2d 1185, is misplaced. Plaintiffs do not allege that the SAG-AFTRA Health Plan Board or the SAG-AFTRA Trustee Defendants were subject to ERISA fiduciary duties while engaged in collective bargaining. Rather, plaintiffs allege that the respective defendants failed to disclose "the [level of] funding needed to sustain the Union health benefit structure" or that "dramatic benefit cuts . . . were coming without increased funding." FAC ¶ 173. This failure to disclose was material, according to plaintiffs, because if the Union negotiating team was aware of the need for additional funding for the health benefit, they "could have directed and/or negotiated [] more money into the SAG-AFTRA Health Plan." Id. ¶ 106. Similarly, "members could have made informed decisions concerning the value of the package to them, in voting on the contracts." Id. Moreover, due to defendants' communications,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

plaintiffs were under the impression that their health benefit was "financially strengthened" as a result of the Health Plans Merger, and therefore did not consider the need for additional funding during the CBA negotiation processes.  FAC ¶¶ 68, 70.

Plaintiffs further allege that the SAG-AFTRA Health Plan Trustees failed to disclose the possibility of changes to participants' health benefits in April 2020, when SAG-AFTRA "announced a three-month reduction in health plan premiums and an extension of the Union dues deadline, in response to the COVID-19 pandemic."  FAC ¶ 78.  The Ninth Circuit has stated that "communicating information about likely future plan benefits falls within ERISA's statutory definition of a fiduciary act."  Bins, 220 F.3d at 1047-48 (citing Varity, 516 U.S. at 502-503).  Defendants' April 2020 communication could have led Plan participants to believe that their benefits were secure, when in fact three months later many of them would lose the health benefit altogether.  FAC ¶¶ 8, 12, 78.  "[W]hen an employer communicates with its employees about a plan, fiduciary responsibilities come into play."  Bins, 220 F.3d at 1053.  Viewing the complaint in the light most favorable to plaintiffs, their allegations plausibly give rise to an entitlement to relief.

Defendants also argue that plaintiffs' contention that the "withheld information resulted in losses to the Plan are so implausible that they would fail to state a claim for fiduciary breach."  MTD at 25.  According to defendants, this there is no reason to believe that "the Union could have extracted greater contributions from television/theatrical performers" and there is "no plausible reason to believe that the Union members would have voted to divert a greater portion of their wages and benefits package to Plan contributions, since only a fraction of them receive benefits from the Plan."  Id. at 26. Along the same lines, given that certain SAG-AFTRA Trustees were also the lead negotiators for the Union in collective bargaining, FAC ¶ 102, defendants contend that "it is simply not reasonable to infer that any failure to obtain contracts with greater contributions from the employers was attributable to a lack of awareness of this information."  MTD at 25-26.

In response, plaintiffs argue that "[d]efendants' self-serving assertion here that no different outcome would have obtained, is entitled to no weight at the pleading stage."  Opp. at 27.  Moreover, plaintiffs claim that "had the [CBA negotiating] committees known, different actions would have been taken to prioritize funding."  Id.  In reply, defendants reiterate their argument that "since Trustees who possessed information about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20cv10914CAS(JEMx) | Date | August 30, 2021 |
|----------|----------------------|------|------------------|
| Title | EDWARD ASNER ET AL V. THE SAG-AFTRA HEALTH FUND ET AL | | |

the Plan's financial conditions were the 'lead' Union negotiators, it is not reasonable to infer that a lack of awareness of this information resulted in the failure to obtain more favorable terms." Reply at 26 (citing FAC ¶ 102).

At this stage, it is inappropriate to assess the evidence or make determinations about the effect awareness of the Plan's financial condition would have had on the CBA negotiation and approval processes. Defendants may renew these arguments on a motion for summary judgment upon a developed factual record.

Accordingly, defendants' motion to dismiss plaintiffs' claim for breach of ERISA fiduciary duty in Count II for failure to disclose is **DENIED**.

4.      Co-Fiduciary Liability (Counts III and IV)

Defendants claim that "Counts III and IV of the Complaint alleging co-fiduciary liability under ERISA § 405(a), 29 U.S.C. § 1105(a) should be dismissed because, for the reasons discussed above, Plaintiffs have not adequately pled an underlying breach of fiduciary duty in Counts I and II." MTD at 33.

However, as described herein, plaintiffs state a claim for breach of fiduciary duty in Counts I and II. Accordingly, defendants' motion to dismiss Counts III and IV is **DENIED**.

**VI.   CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiffs' FAC.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|----|---|----|
| Initials of Preparer | | CMJ | |