Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Jones (SBN 284624)
jljones@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

* *admitted pro hac vice*

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDWARD ASNER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SAG-AFTRA HEALTH FUND, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-10914-CAS-JEM<br><br>**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date: November 8, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Christina A. Snyder<br>Action Filed: December 1, 2020 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 8, 2021 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 8D before the Honorable Judge Christina A. Snyder, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendants, the SAG-AFTRA Health Fund, the Board of Trustees of the Screen Actors Guild-Producers Health Plan, the Board of Trustees of the SAG-AFTRA Health Fund, Daryl Anderson, Helayne Antler, Amy Aquino, Timothy Blake, Jim Bracchitta, John Carter Brown, Duncan Crabtree-Ireland, Barry Gordon, J. Keith Gorham, James Harrington, David Hartley-Margolin, Harry Isaacs, Robert W. Johnson, Sheldon Kasdan, Matthew Kimbrough, Lynne Lambert, Allan Linderman, Carol A. Lombardini, Stacy K. Marcus, Richard Masur, John T. McGuire, Diane P. Mirowski, D.W. Moffett, Paul Muratore, Tracy Owen, Michael Pniewski, Ray Rodriguez, Marc Sandman, Shelby Scott, David Silberman, Sally Stevens, Gabriela Teissier, Lara Unger, Ned Vaughn, David Weissman, Russell Wetanson, David P. White, and Samuel P. Wolfson (collectively, "Defendants") will and hereby do move, pursuant to Fed. Rule of App. P. 5(a)(3) and 28 U.S.C. § 1292(b), for an order certifying the Court's August 30, 2021 Order that was electronically filed on the docket on September 1, 2021  (ECF No. 61) ("Order") for an interlocutory appeal.  Defendants seek this certification to petition the Ninth Circuit to review the Order's denial of Defendants' motion to dismiss the First and Third Count of the First Amended Complaint.  This request is based on this Notice of Motion and Motion, Defendants' supporting Memorandum of Points and Authorities, the Order, all pleadings and papers on file with the Court in this action, and on such other matters as may be presented to the Court at or before the hearing of this Motion.

This Motion is made following the telephone conference of counsel pursuant to Local Rule 7-3, which took place on September 23, 2021.

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Dated: September 30, 2021

By:    /s/ *Myron D. Rumeld*

Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Jones (SBN 284624)
jljones@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

* *admitted pro hac vice*

*Attorneys for Defendants*

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................1

STATEMENT OF THE CASE ...................................................................2

    A.    Factual Background ...................................................................2

    B.    Procedural History ....................................................................2

        1.    The Complaint .................................................................2

        2.    Motion to Dismiss ..........................................................4

QUESTIONS PRESENTED ......................................................................4

STANDARD FOR CERTIFICATION .......................................................5

ARGUMENT ............................................................................................5

I.    THE QUESTIONS PRESENTED ARE CONTROLLING QUESTIONS OF LAW. ...........................................................................5

II.    THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION CONCERNING THE QUESTIONS PRESENTED. ..................9

    A.    There Are Substantial Grounds for Differences of Opinion Concerning Whether an Alleged Failure to Conduct a Diligent Pre-Merger Investigation Can Support a Fiduciary-Breach Claim. ...........................................................................9

    B.    Courts Are Divided Over Whether a Settlor Function Can Be Transformed Into a Fiduciary Act by a Provision in a Trust Agreement. ...................................................................11

III.    RESOLUTION OF THE QUESTIONS PRESENTED COULD MATERIALLY ADVANCE THE LITIGATION. .................................13

CONCLUSION ...........................................................................................15

**DEFENDANTS' OF MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asis Internet Servs. v. Active Response Grp.*,
   No. 07-cv-6211, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ............................ 9

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
   634 F. Supp. 2d 1081 (E.D. Cal. 2008) ....................................................... 6, 14, 15

*Beck v. PACE Int'l Union*,
   551 U.S. 96 (2007)......................................................................................... 4, 6, 10

*Bins v. Exxon Co. U.S.A.*,
   220 F.3d 1042 (9th Cir. 2000) .................................................................................. 7

*Casas v. Victoria's Secret Stores, LLC*,
   No. 14-cv-6412, 2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ........................... 15

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) .................................................................................... 9

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)........................................................................................ 2, 10, 11, 12

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
   921 F. Supp. 2d 1059 (D. Haw. 2013)....................................................................... 8

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) .................................................................................. 5

*Malia v. Gen. Elec. Co.*,
   23 F.3d 828 (3d Cir. 1994) ................................................................................... 4, 6

*Paulsen v. CNF Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ............................................................................ 10, 11

*Peralta v. Hispanic Bus., Inc.*,
   419 F.3d 1064 (9th Cir. 2005) .................................................................................. 7

- v -

*Reese v. BP Expl. (Alaska) Inc.*,

    643 F.3d 681 (9th Cir. 2011) ..................................................... 5, 8, 9, 13

*Ronches v. Dickerson Employee Benefits, Inc.*,

    No. 09-cv-04279, 2009 WL 10669571 (C.D. Cal. Oct. 30, 2009)....................... 12

*Silbersher v. Allergan Inc.*,

    No. 18-cv-03018, 2021 WL 292244 (N.D. Cal. Jan. 28, 2021) ................. 5, 13, 14

*Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*,

    No. 20-cv-4085, 2021 WL 945237 (C.D. Cal. Feb. 22, 2021)................. 5, 6, 7, 14

*Sterk v. Redbox Automated Retail, LLC*,

    672 F.3d 535 (7th Cir. 2012) (Posner, J.)............................................... 13

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*,

    No. 17-cv-1694, 2019 WL 6973547 (C.D. Cal. Oct. 8, 2019)....................... 14, 15

*United States ex rel. Mei Ling v. City of Los Angeles*,

    No. 11-cv-974, 2019 WL 6971061 (C.D. Cal. Oct. 2, 2019)............................... 15

*United States v. Woodbury*,

    263 F.2d 784 (9th Cir. 1959) .................................................................. 5

*Varity Corp. v. Howe*,

    516 U.S. 489 (1996)........................................................................ 7, 11

**STATUTES**

28 U.S.C. § 1292(b) ........................................................................... passim

29 U.S.C. § 1002(21) ............................................................................. 10

**OTHER AUTHORITIES**

75 Fed. Reg. 65263, 65271, 2010 WL 4134181 (Oct. 22, 2010) ............................ 13

16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930

    (3d ed. Apr. 2021 update)................................................................ 13, 14

Fed. R. Civ. P. 12(b)(6) ............................................................................. 4

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## **PRELIMINARY STATEMENT**

Defendants respectfully request that the Court certify for interlocutory appeal under 28 U.S.C. § 1292(b) two questions whose immediate resolution could significantly streamline this litigation.  Both questions concern Plaintiffs' claim challenging the 2017 merger of the Screen Actors Guild ("SAG")-Producers Health Plan and the American Federation of Television and Radio Artists ("AFTRA") Health Plan.  Plaintiffs' merger claim alleges that Defendants breached their fiduciary duties by (1) failing to diligently investigate the merger; and (2) implementing the merger despite allegedly knowing that it was not in the best interest of the SAG health plan participants.  The two questions presented in this motion ask whether those alleged actions can support a viable fiduciary-breach claim.

If an interlocutory appeal were granted and the two questions were resolved in Defendants' favor, it would require dismissal of the merger claim, which would substantially narrow the issues in dispute.  The majority of discovery in this case will likely concern the merger, and the merger claim presents unique issues regarding liability.

Defendants respectfully submit that reasonable jurists could reach different conclusions from the Court with respect to the questions presented.  Although the Court held that a pre-merger investigation can be a fiduciary act (in light of certain communications that allegedly occurred here), there is substantial authority suggesting otherwise.  There is also authority directly contrary to the Court's finding that a trust agreement can transform a merger decision into a fiduciary function. This case would benefit from immediate clarity from the court of appeals on the two questions presented because a successful interlocutory appeal would save the parties and the Court significant time and expense.

## STATEMENT OF THE CASE

### A.    Factual Background

The SAG-Producers Health Plan (the "SAG Plan") was a multiemployer benefits plan formed in 1960 to provide healthcare coverage for SAG members. ECF 43 ("Compl.") ¶ 3.  Effective January 1, 2017, following SAG's merger with AFTRA five years earlier, the SAG Plan merged with AFTRA's health plan to form the SAG-AFTRA Health Plan (the "Plan").  *Id.* ¶¶ 6–7.

As is true for employee welfare plans generally, participants in the merged Plan did not "vest" in any of the benefits provided by the Plan.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (explaining that ERISA does not create any substantive entitlement to welfare benefits).  To the contrary, the Plan, like its two predecessor plans, expressly provided that future benefits "are not promised, vested or guaranteed," and the Plan reserved the right to "reduce, modify or discontinue benefits or the qualification rules for benefits at any time."  ECF 47, Ex. 4 at 287; *see also id.* at 411.

In 2020, Plan trustees announced their decision to amend the Plan in light of rising healthcare costs and decreased participant contributions due to COVID-19.  Compl. ¶¶ 78, 84–92; ECF 47, Ex. 5 at 428–30.  Among the amendments were benefit reductions that affected all Plan participants across the board.  ECF 47, Ex. 5 at 433–36, 445.  Certain benefits for retired participants were also amended.  Compl. ¶¶ 84–92.  The amendments took effect on January 1, 2021.  *Id.* ¶ 87.

### B.    Procedural History

#### 1.    *The Complaint*[1]

Plaintiffs are each over 65 years old and have been participants in the Plan since the merger of the SAG and AFTRA health plans.  *Id.* ¶¶ 35–44.[2]  They allege

---

[1] The operative complaint is Plaintiffs' First Amended Complaint, ECF 43.

[2] One Plaintiff alleges that she is the surviving spouse of a Plan participant. Compl. ¶ 44.

that they had previously qualified for certain benefits before the Plan was amended in 2021.  *Id.*  They sued the Plan's current trustees, as well as the former SAG Plan's trustees, for allegedly breaching their fiduciary duties in connection with the 2017 merger of the SAG and AFTRA health plans and the 2021 amendments to the merged Plan.  *See id.* ¶¶ 45–48.

Count One alleges that the trustees of the former SAG Plan acted imprudently and disloyally by "considering, approving and implementing" the merger.  *Id.* ¶ 165; *see also id.* ¶¶ 160–67.  Plaintiffs' theory is that the trustees "failed to conduct a diligent, fully informed pre-merger investigation and analysis" to assess how the merger would affect the SAG Plan or recklessly disregarded information suggesting that the merger would harm SAG Plan participants.  *Id.* ¶ 165.  The claim is premised on the assumption that a diligent pre-merger investigation would have revealed that the merger was not in the interests of SAG Plan participants because the AFTRA plan was supposedly in worse financial condition than the SAG Plan.  *See id.* ¶¶ 19, 27, 56, 72–73, 81–83, 165.

Count Two challenges the 2021 amendments to the merged Plan.  *Id.* ¶¶ 168–77.  Plaintiffs allege that the trustees of the merged Plan breached their fiduciary duties by:  (1) amending the Plan to reduce certain benefits allegedly in violation of age discrimination laws (*id.* ¶¶ 174–76); and (2) failing to inform Plan participants and members of the committee negotiating new collective-bargaining agreements for SAG-AFTRA that more contributions would allegedly be needed to sustain the existing health benefit structure, *id.* ¶ 173; *see also id.* ¶¶ 20, 105.

Counts Three and Four are derivative of Counts One and Two, asserting claims for co-fiduciary liability based on the same theories alleged in Counts One and Two.  *See id.* ¶¶ 178–91.  Plaintiffs purport to bring Counts One and Three on behalf of a class of participants in the former SAG Plan at the time of the 2017 merger, and Counts Two and Four on behalf of participants in the merged SAG-AFTRA Health Plan at the time of the 2021 amendments.  *See id.* ¶¶ 137–59.

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## 2.   *Motion to Dismiss*

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). ECF 46.  The Court denied the motion in its entirety.  ECF 61.

With respect to Count One, Defendants argued that the trustees' decision to approve the 2017 merger was not a fiduciary act that could give rise to a breach-of-duty claim.  ECF 46 at 8–13 (citing cases).  The Court acknowledged that a decision to merge two health plans is ordinarily not a fiduciary act.  ECF 61 at 21 (citing *Beck v. PACE Int'l Union*, 551 U.S. 96, 102 (2007); *Malia v. Gen. Elec. Co.*, 23 F.3d 828, 833 (3d Cir. 1994)).  It nevertheless held that Plaintiffs had plausibly alleged that the trustees of the SAG Plan breached their fiduciary duties by "fail[ing] to conduct a diligent pre-merger investigation despite affirmative communications that they would" do so.  *Id.*

The Court further observed that Plaintiffs had alleged that the SAG Plan's trust agreement required the trustees to treat the merger decision as a fiduciary act.  ECF 61 at 22.  While not adopting Plaintiffs' construction of the trust agreement, the Court held that it was plausible that the trust agreement could have imposed fiduciary duties with respect to the merger decision even though a decision to merge health plans is ordinarily not a fiduciary act.  *Id.* at 23.  The Court thus sustained Count One for the additional reason that the trust agreement may have transformed the merger decision into a fiduciary act.  *Id.*

The Court also upheld Counts Two through Four of the complaint.  *Id.* at 25–30.  Defendants now request that the Court certify its order for interlocutory review under 28 U.S.C. § 1292(b).

## QUESTIONS PRESENTED

1.   Can a plaintiff state a claim for breach of fiduciary duty by alleging that plan fiduciaries failed to conduct an adequate investigation before performing what is indisputably a settlor function?

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

2.   Can a settlor function be transformed into a fiduciary act by provisions in a trust agreement?

## STANDARD FOR CERTIFICATION

The Court may permit a party to seek an appeal of an interlocutory order if it finds that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A question of law is "controlling" if its resolution "could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). There is a "substantial ground for difference of opinion" where a question raises a "novel legal issue[] . . . on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The final requirement is that resolving the question could materially advance the litigation; it does not require that the answer "have a final, dispositive effect" on the case. *Id*.

## ARGUMENT

## I.   THE QUESTIONS PRESENTED ARE CONTROLLING QUESTIONS OF LAW.

The two questions presented in this motion are controlling questions of law because their resolution could result in the dismissal of Count One and thus "could materially affect the outcome of litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Questions need not be dispositive of the entire lawsuit to be "controlling." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959); *Silbersher v. Allergan Inc.*, No. 18-cv-03018, 2021 WL 292244, at *2 (N.D. Cal. Jan. 28, 2021). Instead, it is sufficient that immediate resolution of the questions could result in the dismissal of some—though not all—of the asserted claims. *See, e.g., Reese*, 643 F.3d at 688 (granting § 1292(b) petition where successful interlocutory appeal would eliminate a subset of the asserted claims); *Starz Ent., LLC v. MGM Domestic*

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

1   *Television Distrib., LLC*, No. 20-cv-4085, 2021 WL 945237, at *2 (C.D. Cal. Feb.

2   22, 2021) ("[The question] is 'controlling' in that the viability of [some] of the

3   claims depend on its resolution."); *Ass'n of Irritated Residents v. Fred Schakel*

4   *Dairy*, 634 F. Supp. 2d 1081, 1088–89 (E.D. Cal. 2008) (granting § 1292(b) motion

5   where "Defendants' success on appeal would materially affect the outcome of the

6   third cause of action (and one third of the outcome of the entire litigation in the

7   district court)").

8          Here, if Defendants were to prevail in an interlocutory appeal on the two

9   questions presented, it would eliminate one of the two substantive counts in

10  Plaintiffs' complaint, which makes the questions "controlling."[3]   Count One alleges

11  that the SAG Plan trustees breached their fiduciary duties in connection with their

12  decision to merge the SAG and AFTRA plans.  Compl. ¶¶ 160–67.  As the Court

13  correctly recognized, a decision to merge two health plans is a settlor act that cannot

14  give rise to a viable fiduciary-breach claim.  ECF 61 at 21 (citing *Beck*, 551 U.S. at

15  102; *Malia*, 23 F.3d at 833).  The Court nevertheless sustained Count One on two

16  grounds.  *First*, it held that "the gravamen of plaintiffs' claims is not the decision to

17  [merge] the plan, but the allegedly inadequate pre-merger evaluation process, and

18  the defendants' allegedly materially misleading communications that pre-date and

19  post-date" the merger.  ECF 61 at 21; *see also id.* at 21–22 n.11.  *Second*, the Court

20  held that the SAG Plan's trust agreement may have required the trustees to treat the

21  merger decision as a fiduciary act.  *Id.* at 21–23.

22         The two questions presented in this motion address the Court's two grounds

23  for sustaining Count One.  The first asks whether a failure to conduct a diligent

24  investigation before approving a merger can constitute a breach of fiduciary duty.

25  As explained below, there are substantial grounds for a reasonable jurist to conclude

26

27  _____

    [3] Counts Three and Four are derivative of Counts One and Two.  An order
28  dismissing Count One would necessarily require dismissal of derivative Count
    Three.

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

1    that the answer is "no" because a pre-merger investigation is part and parcel of the

2    merger decision, which is a settlor function.  *See* Point II.A, *infra*.  If Defendants

3    were to prevail on this point in an interlocutory appeal, it would defeat the Court's

4    first ground for sustaining Count One—namely, that a fiduciary-breach claim can be

5    based on an "allegedly inadequate pre-merger evaluation process."  ECF 61 at 21.

6         To be sure, the Court also cited allegedly misleading communications in its

7    first ground for sustaining Count One.  *Id.*  Count One, however, does not allege a

8    breach based on misleading communications.  *See* Compl. ¶¶ 160–67.  The only

9    breaches alleged in the complaint are the merger decision and the supposed failure

10   to conduct a diligent pre-merger investigation.  Compl. ¶ 165.  An allegedly false

11   statement about a settlor decision can give rise to an independent fiduciary-breach

12   claim, but a misrepresentation is a separate act from the settlor decision and does not

13   turn the latter into a fiduciary act.  To that end, the Supreme Court and the Ninth

14   Circuit have allowed plaintiffs to proceed with fiduciary-breach claims based on

15   misleading or inadequate communications while at the same time acknowledging

16   that the settlor decision itself would have been unassailable if challenged.  *See, e.g.*,

17   *Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996) (distinguishing the fiduciary act of

18   "making statements about the likely future of the plan" from the non-fiduciary act of

19   terminating a plan); *Bins v. Exxon Co. U.S.A.*, 220 F.3d 1042, 1047–48, 1053 (9th

20   Cir. 2000) (distinguishing the fiduciary act of responding to participant inquiries

21   regarding potential plan amendments from the non-fiduciary "act of amending, or

22   considering the amendment of, a plan"); *see also Peralta v. Hispanic Bus., Inc.*,

23   419 F.3d 1064, 1070 (9th Cir. 2005) (distinguishing the fiduciary act of "notify[ing]

24   participants in a timely fashion" of a plan termination from the non-fiduciary act of

25   terminating a plan).

26        Accordingly, the allegedly false communications have nothing to do with the

27   breaches alleged in Count One.  To the extent Plaintiffs want to amend their

28   complaint to assert Count One as a communications claim, they are free to seek

- 7 -

leave to do so.  Plaintiffs presumably made a decision not to allege a freestanding fiduciary-breach claim based on misleading communications, perhaps because such a claim would limit their relief to any individualized harm caused by the alleged misrepresentations and potentially defeat class certification.

The second question presented asks whether a merger decision can be transformed into a fiduciary act by statements contained in a trust agreement.  There are substantial reasons to conclude that the answer to that question is likewise "no" for the reasons explained below.  *See* Point II.B, *infra*.  If Defendants are correct on that point, it would defeat the Court's second ground for sustaining Count One— namely, its finding that the SAG Plan's trust agreement may have required the trustees to treat the merger decision as a fiduciary act.  ECF 61 at 23.

The upshot is that if the court of appeals were to accept an interlocutory appeal and answer the two questions presented in the negative, it would undermine the Court's two rationales for sustaining Count One, require dismissal of that count and derivative Count Three, and narrow the case considerably.  The questions presented are therefore controlling questions of law because their resolution could result in the dismissal of half of the claims in the complaint.  *See, e.g.*, *Reese*, 643 F.3d at 688.

Notably, both questions presented in this motion are purely legal questions.  Although the Ninth Circuit has never held that a "controlling question of law" excludes questions of fact or mixed questions, some district courts in this Circuit have so held.  *See, e.g.*, *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065–66 (D. Haw. 2013).  Even if § 1292(b) were limited to pure questions of law, this motion would pass muster because resolution of the questions presented does not require resort to the factual record.  Whether a decision to merge welfare plans can be transformed into a fiduciary act by allegations of an inadequate pre-merger investigation or through a trust agreement are abstract legal questions that can be answered as a matter of law regardless of the facts of this case.

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## II.   THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION CONCERNING THE QUESTIONS PRESENTED.

Certification of an interlocutory appeal is warranted where "there is substantial ground for difference of opinion" with respect to controlling questions of law.  28 U.S.C. § 1292(b).  In determining whether substantial grounds for differences of opinion exist, courts consider the extent to which the controlling law is unclear.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  An interlocutory appeal may be warranted where the case "involves an issue over which reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion on the issue."  *Reese*, 643 F.3d at 688 (quotation marks omitted).  To satisfy § 1292(b), a movant need not show that courts have *actually* disagreed on the question presented; it is sufficient that the case presents a novel question "on which fair-minded jurists might reach contradictory conclusions."  *Id.*  That said, a showing that courts are split on a particular question is a strong indication that there are substantial grounds for differences of opinion.  *See Asis Internet Servs. v. Active Response Grp.*, No. 07-cv-6211, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (citing "intra-district split" in granting § 1292(b) motion).

### A.   There Are Substantial Grounds for Differences of Opinion Concerning Whether an Alleged Failure to Conduct a Diligent Pre-Merger Investigation Can Support a Fiduciary-Breach Claim.

The first question presented asks whether a plaintiff can assert a viable fiduciary-breach claim by alleging that defendants failed to conduct a diligent investigation before deciding to engage in a settlor act.  The Court answered that question in the affirmative, distinguishing between a decision to merge health plans—which the Court acknowledged is a settlor function—and a failure to conduct a pre-merger investigation, which the Court held to be an administrative act subject to fiduciary duties.  ECF 61 at 21.  In the Court's view, a failure to conduct a proper investigation before deciding to merge two health plans can support a fiduciary-breach claim even though the decision to merge cannot.  *Id.*

- 9 -

1   Defendants respectfully submit that reasonable jurists could reach a different

2   conclusion based on settled precedent.  The Supreme Court has held in no uncertain

3   terms that a plan trustee can modify or terminate a health benefits plan "for any

4   reason at any time."  *Curtiss–Wright*, 514 U.S. at 78.  That same principle extends to

5   decisions to merge plans.  *Beck*, 551 U.S. at 101–02.  Indeed, even if the trustee

6   knows that a potential merger would harm the plan financially, a participant cannot

7   challenge the merger decision as a fiduciary breach because it is always a settlor

8   function.  *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1069, 1076–77 (9th Cir. 2009)

9   (affirming dismissal of fiduciary-breach claim alleging that plan sponsor knew that

10  participants were being transferred into a plan with "inadequate funding" in part

11  because the "decision to spin a plan off" and transfer plan assets into a new plan is

12  "not a fiduciary act" ).

13  The logical corollary is that a trustee need not perform *any* investigation

14  before deciding to merge a health plan because, regardless of what an investigation

15  might show, the trustee is permitted to merge the plan for any reason—even if the

16  merger is not in the participants' best interests.  Said another way, it would be

17  pointless for the law to impose a fiduciary obligation on a trustee to conduct a

18  diligent investigation before approving a merger if the trustee can merge the plan no

19  matter what the investigation shows.  What's more, treating a failure to properly

20  investigate as a fiduciary breach would create a back door for participants to

21  challenge merger decisions because a participant can always allege that the decision

22  was insufficiently investigated.  Such a rule would undercut the well-settled

23  principle that participants cannot challenge merger decisions.  *See* ECF 61 at 21

24  (citing cases).

25  The statutory definition of "fiduciary" confirms that there is no fiduciary

26  obligation to investigate a potential merger.  *See* 29 U.S.C. § 1002(21).  A person

27  acts as a fiduciary only when exercising discretionary authority or control over the

28  management or administration of a plan.  *Id.*  A pre-merger investigation simply

- 10 -

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

1  does not require exercising control over plan management or administration and is

2  therefore not a fiduciary act.  Instead, a pre-merger investigation is part of the

3  decision-making process surrounding a merger, and a decision to merge is not a

4  fiduciary act.

5       The Court's opinion cites no decision holding that a failure to conduct a

6  diligent pre-merger investigation can constitute a fiduciary breach.  Instead, the

7  Court cites *Varity Corp. v. Howe* for the proposition that a material

8  misrepresentation about future plan benefits can in some circumstances amount to a

9  breach of duty.  ECF 61 at 21 (citing 516 U.S. 489, 505 (1996)).  *Varity* is beside the

10  point, however, because, as explained above, the complaint does not allege a

11  fiduciary breach based on misleading communications about the merger.  *See* pages

12  9–10, *supra*.  The breach alleged in Count One is the failure to conduct a diligent

13  investigation or to consider the results of that investigation before merging health

14  plans.  Compl. ¶ 165.  A reasonable jurist could conclude that such a breach claim

15  fails as a matter of law in light of *Curtiss–Wright*, *Paulsen*, and the statutory

16  definition of "fiduciary."  *Varity* may support a *different* breach claim based on

17  alleged misleading communications; but if Plaintiffs want to allege such a claim,

18  they must amend their complaint and limit their requested relief to the harm caused

19  by the alleged misrepresentations.

20  **B.    Courts Are Divided Over Whether a Settlor Function Can Be
21       Transformed Into a Fiduciary Act by a Provision in a Trust
        Agreement.**

22       The second question presented asks whether a settlor act like merging health

23  plans can be transformed into a fiduciary act through provisions in a trust

24  agreement.  The Court held that a provision of the SAG Plan's trust agreement could

25  be construed to elevate the merger decision to a fiduciary act, which counselled

26  against dismissing Count One.  *See* ECF 61 at 23.  Defendants respectfully submit

27  that reasonable jurists could hold otherwise.

28

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

In fact, a reasonable jurist in this Circuit has already reached a contrary conclusion. In *Ronches v. Dickerson Employee Benefits, Inc.*, No. 09-cv-04279, 2009 WL 10669571, at *14 (C.D. Cal. Oct. 30, 2009), the court rejected the notion that a provision in a plan document can impose fiduciary duties on trustees for settlor acts. As the court explained, "[s]uch an interpretation is seemingly foreclosed by the Supreme Court's clear statement that 'ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits. Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans.'" *Id.* (quoting *Curtiss-Wright*, 514 U.S. at 78). In other words, according to the *Ronches* court, the Supreme Court has held that a trustee is *always* permitted to terminate or merge a benefit plan for any reason, and that right cannot be overridden by a provision in a plan document.

*Ronches* demonstrates that reasonable jurists can disagree concerning whether a settlor function like a merger decision can be transformed into a fiduciary act through a provision in a trust agreement. The court of appeals should be permitted to weigh in immediately to resolve the intra-Circuit split between *Ronches* and this Court.

In entertaining the possibility that the SAG Plan's trust agreement may have transformed the 2017 merger decision into a fiduciary act, this Court cited a passing comment in a Department of Labor ("DOL") Field Assistance Bulletin. ECF 61 at 22–23 n.12. As the Court acknowledged, however, a DOL field assistance bulletin has no force of law. *Id.* Indeed, as *Ronches* observed, "there is no indication that any court has relied upon or implemented the [bulletin's] suggestion that a plan can provide when and if its trustees will be deemed to be fiduciaries," and the DOL "cannot, in an advisory bulletin or otherwise, overturn Supreme Court precedent." 2009 WL 10669571 at *14 & n.82. Even the DOL has recognized that, under the current state of the law, a person cannot contractually agree to act as a fiduciary if

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

1   the activity in which she is engaged does not satisfy the statutory definition of a

2   fiduciary act.  *See* 75 Fed. Reg. 65263, 65271, 2010 WL 4134181 (Oct. 22, 2010)

3   (proposed rule, not adopted) (noting that, under the current regulations, investment

4   advisors who hold themselves out as fiduciaries are, in fact, not fiduciaries unless

5   they satisfy the statutory definition).  Defendants respectfully submit that the DOL

6   bulletin is not persuasive and should not be followed.

7   **III.   RESOLUTION OF THE QUESTIONS PRESENTED COULD**

8   **MATERIALLY ADVANCE THE LITIGATION.**

9         It is beyond serious doubt that immediate appellate resolution of the questions

10  presented in Defendants' favor would significantly streamline this litigation and thus

11  materially advance the case.  "The requirement that an appeal may materially

12  advance the ultimate termination of the litigation is closely tied to the requirement

13  that the order involve a controlling question of law."  16 Charles Alan Wright &

14  Arthur R. Miller, Federal Practice and Procedure § 3930 (3d ed. Apr. 2021 update).

15  The test is not whether appellate resolution of the questions presented could "have a

16  final, dispositive effect on the litigation" but rather whether it "'may materially

17  advance' the litigation."  *Reese*, 643 F.3d at 688; *see also Sterk v. Redbox*

18  *Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (Posner, J.) ("[N]either

19  the statutory language nor the case law requires that if the interlocutory appeal

20  should be decided in favor of the appellant the litigation will end then and there,

21  with no further proceedings in the district court.").  In addressing this third prong of

22  the § 1292(b) standard, courts take a "pragmatic" approach that considers whether

23  an immediate appeal could "save the courts and the litigants unnecessary trouble and

24  expense."  *Silbersher*, 2021 WL 292244, at *3.

25        Here, if the Ninth Circuit were to grant an interlocutory appeal and side with

26  Defendants on the two questions presented, it would result in the dismissal of

27  Counts One and Three.  *See* Point I, *supra*.  That, in turn, would dramatically

28  streamline discovery, reduce trial time by eliminating the need to litigate issues

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

surrounding the 2017 merger, and avoid class-certification disputes specific to Count One.[4]  That is more than sufficient to satisfy the "materially advance" test. *See Irritated Residents*, 634 F. Supp. 2d at 1092–93 (granting § 1292(b) motion where interlocutory appeal could "obviate the need for" certain discovery and "eliminate trial time of trying the third cause of action"); Wright & Miller, Federal Practice & Procedure § 3930 ("If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate.").

The impact on discovery of a successful interlocutory appeal would be particularly pronounced in this case.  Discovery related to Count One is expected to be unusually burdensome.  Plaintiffs are likely to request extensive documents and communications concerning the decision five years ago to merge the SAG and AFTRA health plans—a complex transaction that followed four years of analysis involving numerous experts and stakeholders.  An interlocutory appeal could obviate the need for any of that burdensome discovery and limit the litigation to issues surrounding the 2021 Plan amendments.  Where, as here, an interlocutory appeal could eliminate a claim from the case and thereby significantly streamline discovery, it may materially advance the litigation within the meaning of § 1292(b). *See, e.g.*, *Silbersher*, 2021 WL 292244, at *3 (granting § 1292(b) motion where "the cost of discovery in this case will impose a heavy burden on the parties" and immediate appeal "could result in a significant reduction of that burden or even eliminate it altogether"); *Starz*, 2021 WL 945237, at *2–3 (granting § 1292(b) motion where an interlocutory appeal could eliminate certain claims and therefore the "scope [of discovery] would be dramatically reduced"); *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. 17-cv-1694, 2019

---

[4] While there is some overlap, the putative class for Count One would consist of participants in the SAG Plan at the time of the merger (many of whom may have benefitted from the merger), while the putative class for Count Two would consist of participants in the merged Plan in January 2021.  Dismissing Count One would eliminate the need to rule on certification of the former putative class.

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

WL 6973547, at \*4–5 (C.D. Cal. Oct. 8, 2019) (granting § 1292(b) motion where successful interlocutory appeal would result in a "considerably lower burden than the potential discovery burden"); *Irritated Residents*, 634 F. Supp. 2d at 1092–93 (same); *cf. United States ex rel. Mei Ling v. City of Los Angeles*, No. 11-cv-974, 2019 WL 6971061, at \*5 (C.D. Cal. Oct. 2, 2019) (denying § 1292(b) motion in part because "a successful appeal would not significantly narrow the scope of discovery").

The procedural posture further demonstrates that an immediate appeal may materially advance the case. This case is in its nascent stages. Defendants have just answered the complaint, discovery has not commenced, and a trial is at least many months or perhaps years away. Under those circumstances, an interlocutory appeal would likely be resolved well before trial. *See Providence Health*, 2019 WL 6973547, at \*5 (granting § 1292(b) motion) ("Here, the parties have not yet even had a scheduling conference, and given the potential size of discovery, trial does not appear imminent. Therefore, . . . the Ninth Circuit will likely resolve the appeal before trial in this case."); *Casas v. Victoria's Secret Stores, LLC*, No. 14-cv-6412, 2015 WL 13446989, at \*3–4 (C.D. Cal. Apr. 9, 2015) (granting § 1292(b) motion where the case was "still in the pre-certification/pleading stage, with no discovery cut-offs or trial date," and therefore interlocutory appeal would not "unduly delay[] the currently-planned course of litigation"). While the interlocutory appeal is pending, the parties can exchange discovery concerning the Plan amendments implicated in Count Two, which would ensure that any appeal does not unduly delay the ultimate resolution of the case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court certify its August 30, 2021 order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Dated: September 30, 2021

By:     /s/ *Myron D. Rumeld*

Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Jones (SBN 284624)
jljones@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

* *admitted pro hac vice*

*Attorneys for Defendants*

**DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**