Neville L. Johnson, State Bar No. 66329
Douglas L. Johnson, State Bar No. 209216
**Johnson & Johnson LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel:   310-975-1080
Fax:   310-975-1095
njohnson@jjllplaw.com
djohnson@jjllplaw.com

Steven. A Schwartz
**Chimicles Schwartz Kriner
& Donaldson-Smith LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com
*Admitted Pro Hac Vice*

Edward Siedle
**Law Offices of Edward Siedle**
17789 Fieldbrook Circle West
Boca Raton, FL 33496
Tel.: 561-703-5958
esiedle@aol.com
*Admitted Pro Hac Vice*

Robert J. Kriner, Jr.
Emily L. Skaug
**Chimicles Schwartz Kriner
& Donaldson-Smith LLP**
2711 Centerville Road, Suite 201
Wilmington, DE 19808
rjk@chimicles.com
els@chimicles.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ASNER, MICHAEL BELL, RAYMOND HARRY JOHNSON, SONDRA JAMES WEIL, DAVID JOLLIFFE, ROBERT CLOTWORTHY, THOMAS COOK, AUDREY LOGGIA, DEBORAH WHITE, DONNA LYNN LEAVY, individually on behalf of themselves and the other similarly situated members of the Counts I and III Class and the Counts II and IV Class as defined herein,<br><br>     Plaintiffs,<br><br>v. | Case No. 2:20-cv-10914-CAS-JEM<br>Hon. Christina A. Snyder<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION OF DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>**Date: November 1, 2021**<br>**Time: 10:00 AM** |

THE SAG-AFTRA HEALTH FUND;
THE BOARD OF TRUSTEES OF THE
SCREEN ACTORS GUILD-
PRODUCERS HEALTH PLAN; THE
BOARD OF TRUSTEES OF THE SAG-
AFTRA HEALTH FUND; DARYL
ANDERSON; HELAYNE ANTLER;
AMY AQUINO; TIMOTHY BLAKE;
JIM BRACCHITTA; ANN CALFAS;
JOHN CARTER BROWN; DUNCAN
CRABTREE-IRELAND; ERYN M.
DOHERTY; GARY M. ELLIOTT;
MANDY FABIAN; LEIGH FRENCH;
BARRY GORDON; J. KEITH
GORHAM; NICOLE GUSTAFSON;
JAMES HARRINGTON; DAVID
HARTLEY-MARGOLIN; HARRY
ISAACS; MARLA JOHNSON;
ROBERT W. JOHNSON; BOB
KALIBAN; SHELDON KASDAN;
MATTHEW KIMBROUGH; LYNNE
LAMBERT; SHELLEY LANDGRAF;
ALLAN LINDERMAN; CAROL A.
LOMBARDINI; STACY K. MARCUS;
RICHARD MASUR; JOHN T.
MCGUIRE; DIANE P. MIROWSKI;
D.W. MOFFETT; PAUL MURATORE;
TRACY OWEN; MICHAEL
PNIEWSKI; LINDA POWELL; ALAN
H. RAPHAEL; JOHN E. RHONE; RAY
RODRIGUEZ; MARC SANDMAN;
SHELBY SCOTT; DAVID
SILBERMAN; SALLY STEVENS;
JOHN H. SUCKE; KIM SYKES;
GABRIELA TEISSIER; LARA
UNGER; NED VAUGHN; DAVID
WEISSMAN; RUSSELL WETANSON;
DAVID P. WHITE; SAMUEL P.
WOLFSON

     Defendants.

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................1

II. FACTUAL AND PROCEDURAL HISTORY ................................1

III. STANDARD FOR CERTIFICATION..................................4

IV. ARGUMENT ...................................................5

   A. Defendants Have Not Presented Controlling Questions of Law...................5

   B. Defendants Have Not Presented Substantial Ground for a Difference
     of Opinion Regarding the Proposed Questions for Certification ...................9

     1. Failure to Conduct an Adequate Pre-Merger Investigation ....................10

     2. Relevance of Trust Agreement to Establishing Fiduciary Duties...........11

   C. Defendants Have Not Demonstrated that Resolution of the Questions
     Presented Would Materially Advance the Litigation ...................12

   D. This Court May Deny Permission to Seek Interlocutory Appeal
     Even Where the Statutory Criteria of Section 1292(b) Are Met...................14

V. CONCLUSION ................................................15

# TABLE OF AUTHORITIES

*Adab v. United States Citizenship & Immigration Servs.*,
  2015 U.S. Dist. LEXIS 39627 (C.D. Cal. Mar. 23, 2015) ....................11

*Am. Def. Sys., Inc. v. S. Cal. Gold Prods.*,
  2008 U.S. Dist. LEXIS 126307 (C.D. Cal. Sep. 12, 2008) ...................9

*Arizona v. Ash Grove Cement Co.*,
  459 U.S. 1190 (1983) ........................................................................4

*Bamberger v. Marsh USA, Inc.*,
  2015 U.S. Dist. LEXIS 187477 (C.D. Cal. May 11, 2015) ...................9

*Becker v. Wells Fargo Bank, NA, Inc.*,
  2012 U.S. Dist. LEXIS 134986 (E.D. Cal. Sep. 19, 2012) ...................7

*Carrillo v. Schneider Logistics Trans-Loading & Distribution*,
  2014 U.S. Dist. LEXIS 38569 (C.D. Cal. Mar. 21, 2014).....................7

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) .......................................................4, 13

*Confederated Tribes & Bands v. Alcohol & Tobacco Tax & Trade Bureau*,
  2013 U.S. Dist. LEXIS 200500 (E.D. Wash. Apr. 11, 2013)..............12

*Congregation v. City of L.A.*,
  2011 U.S. Dist. LEXIS 172590 (C.D. Cal. Mar. 11, 2011)...................9

*In re Conseco Life Ins. Cost of Ins. Litig.*,
  2005 U.S. Dist. LEXIS 45538 (C.D. Cal. May 31, 2005) ................6, 14

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ..............................................5, 9, 10, 11

*Cuadras v. MetroPCS Wireless, Inc.*,
  2011 U.S. Dist. LEXIS 157921 (C.D. Cal. Oct. 11, 2011)....................8

*Cunha v. Hansen Nat. Corp.*,
  2012 U.S. Dist. LEXIS 191744 (C.D. Cal. Oct. 22, 2012) ............11, 12

*In re Fontem Us Consumer Class Action*,
  2017 U.S. Dist. LEXIS 230139 (C.D. Cal. Mar. 8, 2017)...................13

*Fukuda v. County of Los Angeles*,
  630 F. Supp. 228 (C.D. Cal. 1986) ...................................................7

*Gibson Brands Inc. v. John Hornby Skewes & Co.*,
  2016 U.S. Dist. LEXIS 179957 (C.D. Cal. Dec. 29, 2016)..............5, 13

*IV Sols. Inc. v. United Healthcare Servs.*,
  2017 U.S. Dist. LEXIS 206925 (C.D. Cal. Nov. 28, 2017) ..........5, 10, 13

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S
AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

*Jaco v. Winco Holdings, Inc.*,
  2019 U.S. Dist. LEXIS 107289 (E.D. Cal. June 26, 2019) ...................12

*In re Lorillard Tobacco Co.*,
  370 F.3d 982 (9th Cir. 2004) .................................................................14

*Martinez v. J. Fletcher Creamer & Son, Inc.*,
  2010 U.S. Dist. LEXIS 147874 (C.D. Cal. Dec. 10, 2010) ...............5, 12

*Mateo v. The M/S Kiso*,
  805 F. Supp. 792 (N.D. Cal. 1992) ...........................................................6

*NCUA Bd. v. Goldman Sachs & Co.*,
  2013 U.S. Dist. LEXIS 181149 (C.D. Cal. July 11, 2013)........................7

*Paulsen v. CNF Inc.*,
  559 F.3d, 1076 (9th Cir 2009) .........................................................10, 11

*Reilly v. Wozniak*,
  2021 U.S. Dist. LEXIS 71539 (D. Ariz. Apr. 13, 2021) .........................13

*In re Related Asbestos Cases*,
  23 B.R. 523 (N.D. Cal. 1982) ...................................................................6

*Rieve v. Coventry Health Care, Inc.*,
  870 F. Supp. 2d 856 (C.D. Cal. 2012) ....................................................13

*Ronches v. Dickerson Emple. Benefits, Inc.*,
  2009 U.S. Dist. LEXIS 139975 (C.D. Cal. Oct. 30, 2009)......................11

*Rosenburg v. IBM*,
  2006 U.S. Dist. LEXIS 41775 (N.D. Cal. June 12, 2006)........................8

*Rowe v. Bankers Life & Cas. Co.*,
  2008 U.S. Dist. LEXIS 101839 (D. Ariz. Dec. 9, 2008) ...........................6

*Sateriale v. R.J. Reynolds Tobacco Co.*,
  2015 U.S. Dist. LEXIS 78664 (C.D. Cal. June 17, 2015) .........................8

*Silbersher v. Allergan Inc.*,
  2021 U.S. Dist. LEXIS 16686 (N.D. Cal. Jan. 28, 2021) ..........................7

*Strauss v. Sheffield Ins. Corp.*,
  2006 U.S. Dist. LEXIS 98094 (S.D. Cal. June 23, 2006) ..........................9

*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995)...................................................................................14

*In re Subpoena Served on Cal. Public Utilities Com.*,
  813 F.2d 1473 (9th Cir. 1987) ...................................................................5

*Thanh Phan v. Great-West Life & Annuity Ins. Co.*,
  2013 U.S. Dist. LEXIS 20294 (C.D. Cal. July 24, 2013)...........................6

iii

*Tsyn v. Wells Fargo Advisors, LLC,*
   2016 U.S. Dist. LEXIS 57519 (N.D. Cal. Apr. 29, 2016) ...................................14

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.,*
   2019 U.S. Dist. LEXIS 221330 (C.D. Cal. Oct. 8, 2019)...................................7, 8

*United States ex rel. Ling v. City of L.A.,*
   2019 U.S. Dist. LEXIS 221966 (C.D. Cal. Oct. 2, 2019)......................................9

*United States v. Adam Bros. Farming, Inc.,*
   369 F. Supp. 2d 1180 (C.D. Cal. 2004) ...............................................................11

*United States v. Szado,*
   912 F.2d 390 (9th Cir. 1990) .................................................................................4

*Van Cauwenberghe v. Biard,*
   486 U.S. 517, 521 (1988)........................................................................................4

*Villarreal v. Caremark LLC,*
   85 F. Supp. 3d 1063 (D. Ariz. 2015) ...............................................................7, 12

*Waller v. Blue Cross,*
   32 F.3d 1337 (9th Cir. 1994) ...............................................................................10

## STATUTES

28 U.S.C. § 1291 ...........................................................................................................4

28 U.S. C. § 1292(b) ...........................................................................................*passim*

## OTHER AUTHORITIES

Fed. R. Civ. Proc. 54(b) .............................................................................................14

iv

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S**
**AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## I.    **INTRODUCTION**

Defendants' Motion to Certify (ECF No. 65, "Motion") the Court's August 30, 2021 decision (ECF No. 61, "Order") for interlocutory review pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)") should be denied. The Motion asks the Court to certify for interlocutory review two questions relating only to Count I of Plaintiffs' First Amended Complaint (ECF No. 43, "FAC"): (1) whether a plaintiff can state an ERISA fiduciary duty claim based on the SAG Health Plan Trustees' failure to conduct a duly prudent pre-merger investigation; and (2) can a "settlor" function be transformed into a fiduciary act by provisions of a trust agreement. Motion at 4-5. As will be shown, the Motion fails to meet the well-established standard for a Section 1292(b) certification.

Section 1292(b) requires the Court's decision to have turned on a controlling issue of law with substantial room for difference of opinion, the resolution of which will materially advance the ultimate termination of the litigation. Here, Defendants identify only applications of settled law to specific facts and fail to identify a circuit split or particularly novel and difficult question of first impression. The Motion in effect re-argues Defendants' motion to dismiss Count I under FRCP 12(b)(6) (ECF No. 45, "MTD"), using Section 1292(b) in an attempt to side-step the Court's careful consideration of the briefing submitted in connection with the MTD. These same arguments provide no further grist for interlocutory appeal under Section 1292(b).

Moreover, since Defendants do not seek interlocutory review of the Court's denial of the motion to dismiss Counts II, III and IV, discovery with respect to those Counts, which are highly interconnected with Count I, will proceed, and Defendants provide no explanation for why piecemeal litigation delaying resolution of Plaintiffs' remaining claims, or the inevitable debates regarding what discovery relates to only Count I and therefore should be deferred, will somehow "expedite" matters.

## II.    **FACTUAL AND PROCEDURAL HISTORY**

As summarized by the Court's thorough and well-reasoned Order, Count I is asserted against the trustees of the SAG Health Plan relating to the trustees' conduct in

effecting a merger of the SAG Health Plan with the AFTRA Health Plan rather than continuing the SAG Health Plan as a stand-alone health plan. Order at 2, 10, 19. The merger of the plans was effective January 1, 2017. FAC ¶ 7; Order at 8.

As alleged more particularly in the FAC, the SAG and AFTRA unions merged to become SAG-AFTRA in 2012. FAC ¶¶ 5, 51; Order at 7-8. SAG members brought litigation to stop the union merger based on concerns that the expected subsequent merger of the respective unions' health and pension plans would adversely impact members' benefits, alleging that SAG had not adequately evaluated the impact of the expected future benefit plans mergers on union members' coverage. FAC ¶¶ 4, 53-67; Order at 7-8. In opposing the members' claims, SAG and its expert outside ERISA counsel who submitted a report to the court on behalf of SAG told the members and the court that any future merger of the benefit plans would be within the purview of the benefit plan trustees, who would consider all impact information to determine whether a merger was in the best interests of the participants and their beneficiaries, in accordance with their ERISA fiduciary duties. FAC ¶¶ 4, 64-65; Order at 8.

In June 2016, SAG Health Plan Trustee Defendant David White publicly announced that the health plan trustees had agreed to merge the SAG and AFTRA health plans. FAC ¶ 6; Order at 8. White represented that the trustees had engaged in "a complex undertaking . . . to arrive at solutions that strengthen the overall financial health of the plan while ensuring comprehensive benefits for all participants." FAC ¶ 68; Order at 24. Moreover, the SAG Health Plan Trustees amended the SAG Health Plan Trust Agreement to add the authority to merge to Article IV Section I, which specifies the authorities and powers of the trustees in plan administration. FAC ¶ 74; Order at 22-23. These actions were governed by Article IV Section 5 of the SAG Health Plan Trust Agreement, which subjects the trustees to the ERISA fiduciary standard in exercising their authority under the trust agreement. FAC ¶ 59; Order at 7.

Within 18 months of the health plans' merger, however, the trustees of the merged plan knew the merger had not strengthened the financial health of the plan or

2

ensured comprehensive benefits for all participants, and that the health benefit structure was not sustainable for all participants without additional funding. FAC ¶¶ 12, 79; Order at 10. Plaintiffs claim that under the particular facts alleged here, including the SAG Health Plan Trust Agreement, and taking all reasonable inferences in Plaintiffs' favor as required under Rule 12(b)(6), the SAG Health Plan Trustees acted in plan management and administration in what Defendant White represented was an extensive undertaking to arrive at solutions to strengthen the plan and ensure comprehensive benefits for all participants, and therefore acted as ERISA fiduciaries. FAC ¶¶ 68-71. Plaintiffs claim the SAG Health Plan Trustees either failed to conduct a prudent fully informed pre-merger investigation and analysis to assess the impact of the merger on the participants' benefits and the sustainability of the benefit structure in the merged plan, or disregarded the analysis and information revealed and nevertheless proceeded with the merger. FAC ¶ 81. In either case, the SAG Health Plan Trustees breached their ERISA fiduciary duties by failing to act solely in the best interests of the participants and/or failing to act with due prudence. FAC ¶¶ 80-81.

In moving to dismiss Count I of the FAC under Rule 12(b)(6), Defendants argued then, as now, that the decision to merge the SAG and AFTRA Health Plans was a "settlor" function not subject to fiduciary duties, regardless of what was represented to the participants would be done and was done, or how the trustees' themselves defined their authority in the trust agreement. Order at 20; *cf.* Motion at 9-10. Applying the correct well-established Rule 12(b)(6) standard, the Court concluded:

> Normally, the decision to merge plans is a decision regarding form and structure, and therefore does not invoke the fiduciary duty provisions of ERISA. However, here, plaintiffs allege that the SAG Health Plan Board of Trustees and the SAG Trustee Defendants failed to conduct a diligent pre-merger investigation despite affirmative communications that they would review 'the long-term financial viability' of a merged SAG-AFTRA plan before proceeding with the merger. . . . [I]mmediately after the announced merger, defendant White stated that the Health Plans Merger would result in a 'financially strengthened' plan. . . . [D]efendants' pre-merger statements about the merger process and post-merger statements about the future financial strength of the merged plan were materially misleading given that, less than two years after the merger, the SAG-AFTRA Health Plan's funding was insufficient and

3

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S
AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

benefit reductions were already being discussed. . . . Such allegations plausibly give rise to an entitlement to relief.

Order at 21 (citations omitted).

Defendants also argued (and argue) that the trustees' addition of the authority to merge to the SAG Health Plan Trust agreement, which sets forth the authority and powers of the trustees in plan administration, is not a "duty" and in any event cannot impose ERISA fiduciary duties on "settlor" functions. Order at 20-23. *Cf.* Motion at 11-13. The Court concluded that "as the Court has already found that plaintiffs' state a claim for breach of ERISA fiduciary duty in connection with the Health Plans Merger without relying on whether the SAG Trust Agreement imposed ERISA fiduciary duties on the merger decision. . . . [T]he Court would refrain from granting a motion to dismiss where the meaning of certain provisions of a trust agreement is at issue without first considering extrinsic evidence." Order at 23.

Defendants, dissatisfied with this outcome, now seek to certify the Court's Order for immediate interlocutory of the two questions under 28 U.S. C. § 1292(b).

## III.    STANDARD FOR CERTIFICATION

Section 1292(b) operates as a narrow exception to the general rule that appellate review of a district court ruling should not occur until after entry of a final judgment in the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom*, *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). *See* 28 U.S.C. § 1291; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (noting a decision is not considered to be final "until there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotes omitted). "Finality as a condition of review is an historic characteristic of federal appellate procedure." *United States v. Szado*, 912 F.2d 390, 391 (9th Cir. 1990) (quoting *Cobbledick v. United States*, 309 U.S. 323, 324 (1940)).

"Embodied in the finality requirement is a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding

4

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

by interlocutory appeals." *In re Subpoena Served on Cal. Public Utilities Com.*, 813 F.2d 1473, 1475 (9th Cir. 1987) (quoting *United States v. Nixon*, 418 U.S. 683, 690 (1974) (internal quotations omitted)). Thus, in deference to this policy, a party may seek an appeal of a district court's interlocutory order only if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from that order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629; 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.").

Because Section 1292(b) is a departure from the normal rule, it is construed strictly and narrowly. *IV Sols. Inc. v. United Healthcare Servs.*, 2017 U.S. Dist. LEXIS 206925, at *2 (C.D. Cal. Nov. 28, 2017) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly.") (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002)). *See also Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 U.S. Dist. LEXIS 147874, at *5 (C.D. Cal. Dec. 10, 2010) ("Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations") (collecting cases); *accord Negrete v. Allianz Life Ins. Co.*, 2010 U.S. Dist. LEXIS 121760, at *19 (C.D. Cal. Nov. 1, 2010) (Snyder, J.) (finding that "uncertainty about whether a substantial portion of the class is eligible to seek recovery" and "eliminating the principal allegations upon which plaintiffs' claims are based" does not "present the type of exceptional circumstances that would justify a departure from the basic policy of postponing appellate review"). Defendants fail to justify its application here.

## IV.   <u>ARGUMENT</u>

### A. Defendants Have Not Presented Controlling Questions of Law

Courts recognize that Section 1292(b) it is not intended "merely to provide review of difficult rulings in hard cases." *Gibson Brands Inc. v. John Hornby Skewes & Co.*, 2016 U.S. Dist. LEXIS 179957, at *2 (C.D. Cal. Dec. 29, 2016) (quoting *United*

5

*States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). It must materially advance termination of the litigation, such that "dispos[ing] of only one claim, not the entire suit . . . . does not concern a controlling issue of law." *Mateo v. The M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992); *see also In re Conseco Life Ins. Cost of Ins. Litig.,* 2005 U.S. Dist. LEXIS 45538, at *6 (C.D. Cal. May 31, 2005) (that an interlocutory appeal "would not resolve all claims against [a party] . . . alone is a sufficient basis to deny certification."); *Rowe v. Bankers Life & Cas. Co*., 2008 U.S. Dist. LEXIS 101839, at *8 (D. Ariz. Dec. 9, 2008) (denying interlocutory appeal where a plaintiff's case "will proceed to trial irrespective of whether this Court correctly interpreted the language" relevant to a subset of claims); *Thanh Phan v. Great-West Life & Annuity Ins. Co*., 2013 U.S. Dist. LEXIS 202947, at *15-16 (C.D. Cal. July 24, 2013) (denying interlocutory appeal after finding certification would not "materially advance the ultimate termination of the litigation" because its resolution "will not resolve all claims" asserted against the defendant and "trial will still be required").

The two questions presented by this Motion are not controlling questions of law within the meaning of the first prong of Section 1292(b). By Defendants' own admission, they only address a portion of Plaintiffs' claims and so will not expedite termination of the litigation. *See* Motion at 5-6. In fact, the issues relating to the health plans' merger and the SAG Health Plan Trustees' pre-merger investigation conclusions and statements are also relevant to Counts II and IV of the FAC, including the information known concerning the sustainability of the benefit structure. Discovery therefore will not be limited substantially, even if the Court certifies the questions requested by Defendants and the Ninth Circuit ultimately rules in their favor.

Thus, Defendants' argument that appeals under Section 1292 need not be "dispositive" misses the point. Such appeals are still limited to "the few situations where an immediate appeal . . . . would more speedily terminate the litigation." *In re Related Asbestos Cases*, 23 B.R. 523, 532 (N.D. Cal. 1982) (quoting *Himebaugh v. Smith*, 476 F. Supp. 502, 512 (C.D. Cal. 1978)). Conversely, "where a substantial

amount of litigation remains in the case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive.'" *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1072 (D. Ariz. 2015) (internal quotes, alterations, and citation omitted). Defendants provide no reason to believe that litigation of Counts II and IV would prove "insubstantial," only that they would prefer to decrease their overall discovery obligations, which (a) will not occur for the reasons already articulated, and (b) is a far cry from the exceptional circumstances Defendants must demonstrate to warrant certification. *See Fukuda v. County of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986).[1]

Not only would certification in this case not be controlling, it would not even address a question of law. As this Court has recognized, "a question of law under section 1292(b) must be 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . .'" *Carrillo v. Schneider Logistics Trans-Loading & Distribution*, 2014 U.S. Dist. LEXIS 38569, at *6 (C.D. Cal. Mar. 21, 2014) (Snyder, J.). "The question of law in an interlocutory appeal should be a purely legal one, one that can be resolved quickly without delving into a particular case's facts." *NCUA Bd. v. Goldman Sachs & Co.*, 2013 U.S. Dist. LEXIS 181149, at *20 (C.D. Cal. July 11, 2013). *See, e.g.*, *United States ex rel. Integra Med Analytics*

---

[1] Defendants fail to show that there would be significant narrowing of discovery by eliminating one basis for liability given that the various bases are interwoven, such that discovery of the whole will be appropriate no matter which claim is at issue. *See, e.g., Becker v. Wells Fargo Bank, NA, Inc*., 2012 U.S. Dist. LEXIS 134986, at *18 (E.D. Cal. Sep. 19, 2012) ("There is substantial factual overlap between these claims and the remaining claims… Therefore, the discovery plaintiff describes will likely occur anyway."). Moreover, even if discovery were narrowed, Defendants' own case law requires that they establish "needless expense *and delay*" would arise absent certification, and no evidence of likely delay has been offered. *Silbersher v. Allergan Inc.*, 2021 U.S. Dist. LEXIS 16686, at *6 (N.D. Cal. Jan. 28, 2021). Interlocutory appeal would merely delay resolution of claims not implicated by Defendants' Motion and create the possibility that the same witnesses would have to be deposed twice.

*LLC v. Providence Health & Servs.*, 2019 U.S. Dist. LEXIS 221330, at *8 (C.D. Cal. Oct. 8, 2019) (holding that the standard for what constitutes a "news media" under the False Claims Act, 31 U.S.C. § 3730(b), qualified as a question of law because it presented an issue of statutory construction subject to *de novo* review).

Here, rather than "the abstract type of question [that] could be decided without significant engagement with the facts of this case" (*id.*), Defendants are requesting that the Ninth Circuit jump the gun to adjudicate two hypothetical questions in a highly *fact*-specific inquiry in the present case without the benefit of developing a record. *See, e.g., Rosenburg v. IBM*, 2006 U.S. Dist. LEXIS 41775, at *14-15 (N.D. Cal. June 12, 2006) ("Whether IBM assumed fiduciary status, including when and the extent to which it was functioning in the capacity of a plan administrator, will require a searching inquiry into the facts . . . ."). As this Court has previously held, "therein lies the problem: [Defendants'] dispute is with how the law is applied to these facts, and thus is not a pure, controlling question of law." *Cuadras v. MetroPCS Wireless, Inc.*, 2011 U.S. Dist. LEXIS 157921, at *11 (C.D. Cal. Oct. 11, 2011) (Snyder, J.). *See also Sateriale v. R.J. Reynolds Tobacco Co.*, 2015 U.S. Dist. LEXIS 78664, at *6 (C.D. Cal. June 17, 2015) (Snyder, J.) (holding that a motion merely contesting the Court's application of law to fact "presents the 'antithesis of a proper § 1292(b) appeal.'").

The Court's Order properly is based on the application of established precedent to alleged facts to determine under the Rule 12(b)(6) standard whether, assuming all well-pled facts to be true and crediting all reasonable inferences in Plaintiffs' favor, Plaintiffs have stated a plausible claim that Defendants acted in plan management and administration and breached their ERISA fiduciary duties,[2] and Defendants merely

---

[2] The Court identified numerous issues of fact, which are fatal to Defendants' attempt to present their questions as being of pure law. *See, e.g.,* Order at 23 ("[T]he Court would refrain from granting a motion to dismiss where the meaning of certain provisions of a trust agreement us at issue without first considering extrinsic evidence."); Order at 24 ("[I]n any event, the Court finds and concludes it is inappropriate to grant defendants' motion to dismiss on the basis of fact-intensive

8

disagree with the conclusions reached by the Court. *See Congregation v. City of L.A.*, 2011 U.S. Dist. LEXIS 172590, at \*8-9 (C.D. Cal. Mar. 11, 2011) (Snyder, J.); *Am. Def. Sys., Inc. v. S. Cal. Gold Prods.*, 2008 U.S. Dist. LEXIS 126307, at \*3-4 (C.D. Cal. Sep. 12, 2008) (same); *United States ex rel. Ling v. City of L.A.*, 2019 U.S. Dist. LEXIS 221966, at \*7-8 (C.D. Cal. Oct. 2, 2019). Thus, there is no question of law presented, much less a controlling one sufficient for interlocutory appeal.

**B. Defendants Have Not Presented Substantial Ground for a Difference of Opinion Regarding the Proposed Questions for Certification**

Section 1292(b) requires that Defendants establish "a substantial ground for difference of opinion" with respect to their purported controlling questions of law in order to warrant certification of same for interlocutory appeal. 28 U.S.C. § 1292(b). A substantial difference of opinion does not occur "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling[.]" *Couch*, 611 F.3d at 633 (internal quotes and citation omitted); *Bamberger v. Marsh USA, Inc.*, 2015 U.S. Dist. LEXIS 187477, at \*7 (C.D. Cal. May 11, 2015). Similarly, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*; *see also Strauss v. Sheffield Ins. Corp.*, 2006 U.S. Dist. LEXIS 98094, at \*12 (S.D. Cal. June 23, 2006) (denying interlocutory appeal and noting that "if district courts certified an order for appeal in every instance in which a party disagreed with a court's opinion, the 'exceptional circumstances' requirement for interlocutory appeals would be rendered meaningless and piecemeal litigation would become commonplace.").

"To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts

---

contentions regarding the relative strength of the SAG And AFTRA plans prior to the Health Plans Merger."). Defendants are seeking answers to hypothetical questions without factual context to side-step the Rule 12(b)(6) standard and disregard the Order.

9

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (internal citations omitted). *See, e.g., IV Sols. Inc. v. United Healthcare Servs.*, 2017 U.S. Dist. LEXIS 206925, at *2 (C.D. Cal. Nov. 28, 2017) (rejecting argument that a substantial ground of difference of opinion exists merely because "courts do not routinely dismiss fraud claims on lack-of-justifiable-reliance grounds"). Defendants have not established anything meeting the foregoing criteria to be at issue.

## 1. <u>Failure to Conduct an Adequate Pre-Merger Investigation</u>

Defendants' first proposed question is whether an ERISA fiduciary claim can be based on trustees' failure to conduct a duly diligent pre-merger investigation. Defendants argue "there are substantial grounds for a reasonable jurist to conclude that the answer is 'no' because a pre-merger investigation is part and parcel of the merger decision, which is a settlor function." Motion at 6-7. Defendants cite no authority from this or any other circuit for their "part and parcel" settlor theory, which in fact is contradicted by the Ninth Circuit decision in *Waller v. Blue Cross*, 32 F.3d 1337 (9th Cir. 1994), which the Court cited in the Order. Order at 19 ("Although decisions concerning plan design are normally "settlor" in nature, and therefore not subject to ERISA fiduciary duties, the implementation of decisions concerning plan design can be subject to ERISA fiduciary duties.") Moreover, as noted above, the determination whether the trustees' conduct constituted plan "management" or "administration" and thus is subject to ERISA fiduciary duties is a context and fact specific question. Defendants cite no decision in a factual context analogous to the facts here.

Defendants reliance on *Paulsen v. CNF Inc.,* 559 F.3d, 1076-77 (9th Cir 2009), is misplaced. In fact, the court expressly cited *Waller* as consistent with the Supreme Court "settlor" decisions. *Id.* at 1076. Defendants, moreover, do not even purport to rely on the holding of *Paulsen,* but rather a so-called "logical corollary." Motion at 10;

10

*see Adab v. United States Citizenship & Immigration Servs*., 2015 U.S. Dist. LEXIS 39627, at *21-23 (C.D. Cal. Mar. 23, 2015) (noting that "[a] lack of any case citations" in a party's briefing on an issue indicated their grievance was with an alleged misapplication of the law rather than interpretation of the law). Defendants argued at oral argument that a decision to sustain Count I would conflict with *Paulsen*, and the Court correctly and extensively distinguished *Paulsen* in the Order. Order at 21 n.11. Defendants' mere disagreement with that is not a basis for interlocutory appeal.

## 2. <u>Relevance of Trust Agreement to Establishing Fiduciary Duties</u>

Defendants' second proposed question is whether a "settlor" function can be transformed into a fiduciary function by the provisions of a trust agreement. Motion at 11. Defendants attempt to create an "intra-Circuit split of authority" based on *Ronches v. Dickerson Emple. Benefits, Inc.,* 2009 U.S. Dist. LEXIS 139975 (C.D. Cal. Oct. 30, 2009), is baseless. Motion at 11-12. Plaintiffs in *Ronches* did not assert a trust agreement-based argument in support of a claim that trustees acted as in plan management or administration, and the court did not decide any such issue. *See id*. at *38-40. Likewise, in the present case, Defendants seek certification of a trust agreement-based question the Court expressly did not decide. Order at 23.

Moreover, this Court has previously rejected claims that even "a 'small minority' of federal courts taking a contrary position" to it provided substantial ground for difference of opinion. *See United States v. Adam Bros. Farming, Inc*., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) (Snyder, J.) (citing *City of Hope Nat'l Medical Center v. Blue Cross of California*, 928 F. Supp. 1001, 1004 (C.D. Cal. 1996)). *See Couch*, 611 F.3d at 633; *Cunha v. Hansen Nat. Corp.*, 2012 U.S. Dist. LEXIS 191744, at *21 (C.D. Cal. Oct. 22, 2012) ("While Defendants have shown there is some disagreement, that does not mean there is a substantial disagreement. Defendants only cite one published opinion, and they identify no circuit splits."). It simply shows that Defendants wish, contrary to fact, *dicta* in *Ronches* had persuaded the Court not only to decide the trust-agreement-based issue but to do so in their favor under FRCP Rule

12(b)(6) motion to dismiss Count I. This plainly does not constitute a difference of opinion supporting certification for appeal. ECF 61 at 11, 13; ECF 55 at 4.

### C. Defendants Have Not Demonstrated that Resolution of the Questions Presented Would Materially Advance the Litigation

Defendants' theory for why interlocutory appeal on their two proposed questions would materially advance the litigation is much like that advanced in *Villarreal*, predicated on "speculation built upon several assumptions" – that the Ninth Circuit would accept the appeal, that Defendants would prevail on appeal, and that this Court would then certify, at best, a narrowed class requiring less discovery, resulting in the case ending more quickly. 85 F. Supp. 3d at 1073 & n.5; *accord Hightower v. Schwarzenegger,* 2009 U.S. Dist. LEXIS 109603, at *13 (E.D. Cal. Nov. 5, 2009). This is not, for example, a case where class certification might be *avoided entirely,* thereby leaving only an individual claim to adjudicate. *See Jaco v. Winco Holdings, Inc.*, 2019 U.S. Dist. LEXIS 107289, at *14-15 (E.D. Cal. June 26, 2019). Instead, Defendants hope to narrow the universe of breach-worthy conduct at issue, and even if a reversal by the Ninth Circuit could thereby expedite resolution of the remaining claims, "an affirmance on interlocutory appeal would have the opposite result and would unnecessarily extend litigation." *Confederated Tribes & Bands v. Alcohol & Tobacco Tax & Trade Bureau*, 2013 U.S. Dist. LEXIS 200500, at *4-5 (E.D. Wash. Apr. 11, 2013); *see also Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 U.S. Dist. LEXIS 147874, at *6 (C.D. Cal. Dec. 10, 2010) ("[E]ven if the Ninth Circuit reversed this Court's determination, Plaintiffs' other challenges to the CBA would require resolution. In other words, a Ninth Circuit decision favorable to Defendant on the two questions would not materially advance the termination of litigation, but only delay termination until the appeal is complete and the outstanding issues are resolved.").

It is not enough for Defendants to generally aver that the partial elimination of claims will naturally – indeed, axiomatically – shorten a case timeline. *Cunha*, 2012 U.S. Dist. LEXIS 191744, at *24. Indeed, "this would seemingly be true in every case

12

where some claims are dismissed, and some claims are not." *IV Sols. Inc.*, 2017 U.S. Dist. LEXIS 206925, at *9-10; *see In re Cement*, 673 F.2d at 1027; *In re Fontem Us Consumer Class Action*, 2017 U.S. Dist. LEXIS 230139, at *17 (C.D. Cal. Mar. 8, 2017). Defendants are proposing to "delay litigation for an extended period to seek review of a single, discrete claim" and thereby delay resolution of Plaintiffs' remaining claims. *Gibson Brands Inc. v. John Hornby Skewes & Co.*, 2016 U.S. Dist. LEXIS 179957, at *2 (C.D. Cal. Dec. 29, 2016*); see Rieve v. Coventry Health Care, Inc*., 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) (certification inappropriate where it may delay resolution of litigation). "According to the most recently published statistics, the median disposition of a civil case in the Ninth Circuit Court of Appeals is 15.3 months." *Reilly v. Wozniak*, 2021 U.S. Dist. LEXIS 71539, at *5 (D. Ariz. Apr. 13, 2021). Defendants have not and cannot explain how they intend to save 15.3 months of litigation time via a mere narrowing of claims sharing a factual predicate.

Indeed, as previously alluded to, the merger-related facts of Count I are relevant as well to Counts II and IV. A substantial number of SAG-AFTRA Health Plan Trustees were SAG Health Plan Trustees. FAC ¶¶ 46-48. Counts II and IV assert, among other things, the SAG-AFTRA Health Plan Trustees knew but failed to disclose the doomed condition of the benefit structure in the merged plan, and were required to assess the condition of the benefit structure at each meeting. FAC ¶¶ 93-94, 98, 105. The information and analysis in the pre-merger process is relevant to the knowledge of and information available to the SAG-AFTRA Health Plan Trustees concerning the benefit structure and financial condition in the merged plan following the merger. Discovery would therefore not be substantially limited, even if the Court certified an appeal on the two questions. Litigation and discovery will proceed on the other claims.

Granting interlocutory appeal would also likely result in needless disputes regarding what discovery should or should not proceed and create the risk of deposing witnesses (including non-party witness) twice, along with the risk that expert would have to prepare serial reports, thereby creating inefficiencies and delaying ultimate

resolution of the case. Given the time-sensitive issues alleged in the Complaint – eliminating health benefits for senior performers – avoiding such delay is even more critical than the typical case. *See In re Conseco*, LEXIS 45538 at *9 (considering "the advanced ages of so many class members" in denying certification to appeal).

### D. This Court May Deny Permission to Seek Interlocutory Appeal Even Where the Statutory Criteria of Section 1292(b) Are Met

Even where the statutory criteria of Section 1292(b) appear to have been met, a district court "retains discretion to deny permission for interlocutory appeal." *Tsyn v. Wells Fargo Advisors, LLC*, 2016 U.S. Dist. LEXIS 57519, at *8 (N.D. Cal. Apr. 29, 2016) (citing *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009)); *see also Swint v. Chambers County Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) ("[D]istrict courts [have] first[-]line discretion to allow interlocutory appeals" under Section 1292(b)). This is particularly true where the factual record has not been properly developed, in which case "applying a loose construction of § 1292(a)(1) only 'encourages unsuccessful assertions of jurisdiction, wasting precious appellate resources, burdening adverse parties, and perhaps diverting effort from expeditious continuation of trial court proceedings.'" *In re Lorillard Tobacco Co.*, 370 F.3d 982, 988 (9th Cir. 2004) (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure § 3922.1, at 94 (1977)).

Even if Defendants had satisfied Section 1292(b), "the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals." *United States ex rel. Toomer v. TerraPower, LLC*, 2019 U.S. Dist. LEXIS 211023, at *13 (D. Idaho Dec. 6, 2019) (internal citation omitted). For the reasons stated previously, Defendants have no need for immediate appeal sufficient to overcome standard judicial policy, especially given their failure to move for relief under Fed. R. Civ. Proc. 54(b).[3]

---

[3] "Section 1292(b) applies to non-final orders that would be interlocutory even in a

14

# V.   <u>CONCLUSION</u>

For all the foregoing reasons, Defendants' Motion should be denied.

Dated: October 18, 2021

**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**

By:   ***/s/ Steven. A Schwartz***
Steven. A Schwartz (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com

Robert J. Kriner, Jr. (*pro hac vice*)
Emily L. Skaug (*pro hac vice*)
2711 Centerville Road, Suite 201
Wilmington, DE 19808
rjk@chimicles.com
els@chimicles.com

Neville L. Johnson
Douglas L. Johnson
**Johnson & Johnson LLP**
439 N. Canon Drive, Suite 200
Beverly Hills, CA 90210
Tel.: 310-9751080
Fax.:310-975-1095
njohnson@jjllplaw.com
djohnson@jjllplaw.com

*and*

Edward Siedle (*pro hac vice*)
**Law Offices of Edward Siedle**
17789 Fieldbrook Circle West
Boca Raton, FL 33496
Tel.: 561-703-5958
esiedle@aol.com

*Attorneys for Plaintiffs and the Classes*

---

two-party, single-claim case; the appropriate route to interlocutory appeal of dispositive rulings that leave some causes of action open in a case is Rule 54(b)." *Del Webb Cmtys. v. Partington*, 2009 U.S. Dist. LEXIS 149904, at *22 (D. Nev. Dec. 1, 2009) (citing 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §§ 2658.1-2658.2 (1998)). *See also Lewis v. Travertine, Inc.*, 2017 U.S. Dist. LEXIS 109055, at *6 n.2 (C.D. Cal. July 12, 2017) (discussing differences between Rule 54(b) and Section 1292(b)). Defendants have not chosen to proceed in this fashion, accordingly, they have procedurally erred, another reason to deny the Motion.

15