Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Jones (SBN 284624)
jljones@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

*admitted pro hac vice

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDWARD ASNER, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE SAG-AFTRA HEALTH FUND, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-10914-CAS-JEM <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date: November 8, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 8D <br> Judge: Hon. Christina A. Snyder <br> Action Filed: December 1, 2020 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ......................................................................................................... 2

I. THE QUESTIONS PRESENTED ARE CONTROLLING QUESTIONS OF LAW. ................................................................................................... 2

II. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION CONCERNING THE QUESTIONS PRESENTED. .................... 6

III. RESOLUTION OF THE QUESTIONS PRESENTED COULD MATERIALLY ADVANCE THE LITIGATION. ......................................... 8

IV. PLAINTIFFS PROVIDE NO DISCRETIONARY REASON TO DENY CERTIFICATION. ...................................................................................... 10

CONCLUSION .................................................................................................... 11

- i -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)   Case No. 2:20-cv-10914-CAS-JEM**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Burlington N. & Santa Fe Ry. Co. v. Vaughn*,
   509 F.3d 1085 (9th Cir. 2007) .................................................................................. 10

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995) .................................................................................................... 7

*Del Webb Cmtys. v. Partington*,
   No. 08-cv-571, 2009 WL 10692995 (D. Nev. Dec. 1, 2009) .............................. 10

*Gibson Brands Inc. v. John Hornby Skewes & Co.*,
   No. 14-cv-00609, 2016 WL 7542437 (C.D. Cal. Dec. 29, 2016) ........................ 9

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) .................................................................................. 2

*In re Lorillard Tobacco Co.*,
   370 F.3d 982 (9th Cir. 2004) ................................................................................. 10

*IV Solutions Inc. v. United Healthcare Servs.*,
   No. 16-cv-9598, 2017 WL 6372501 (C.D. Cal. Nov. 28, 2017) ......................... 8

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ............................................................................. 10

*Paulsen v. CNF, Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ................................................................................ 7

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ........................................................................ 2, 6, 7, 8

*Ronches v. Dickerson Emp. Benefits, Inc.*,
   No. 09-cv-04279, 2009 WL 10669571 (C.D. Cal. Oct. 30, 2009) ..................... 7

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   No. 09–cv–08394, 2015 WL 3767424 (C.D. Cal. June 17, 2015) ..................... 5

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)   Case No. 2:20-cv-10914-CAS-JEM**

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959) ............................................................................... 2

*Villarreal v. Caremark LLC*,
  85 F. Supp. 3d 1063 (D. Ariz. 2015) .................................................................. 3

*Waller v. Blue Cross of Cal.*,
  32 F.3d 1337 (9th Cir. 1994) ............................................................................... 6

**STATUTES AND RULES**

28 U.S.C. § 1292(a) .................................................................................................. 10

28 U.S.C. § 1292(b) ............................................................................................ passim

Fed. R. Civ. P. 54(b) ................................................................................................. 10

- iii -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)   Case No. 2:20-cv-10914-CAS-JEM**

# PRELIMINARY STATEMENT

Plaintiffs' opposition is built on the false premise that a successful interlocutory appeal would have no effect on the discovery burden in this case. The reality is that if Defendants were to prevail in an interlocutory appeal, Counts I and III—and the substantial volume of discovery pertaining to those counts—would be eliminated from the case. Although Plaintiffs assert that the remaining counts are "interwoven" with Counts I and III and would thus require the same discovery, they never explain why. In fact, Counts I and III concern events prior to 2016 leading up to the merger of the SAG and AFTRA health plans, while the remaining claims concern events from 2018 to 2020 concerning certain plan amendments and related communications. The overlap in discovery would be negligible.

Plaintiffs are also wrong when they argue that the questions presented in Defendants' § 1292(b) motion are "fact-specific." The questions are pure questions of law that do not turn on the facts of this case. Indeed, the answers to the two questions would be the same in any case in which they arise. Tellingly, Plaintiffs attempt to manufacture a factual issue by citing two factual disputes that have no bearing on the questions presented. Opp. 8 n.2. There is no need to await further factual development before the Court of Appeals addresses the two questions presented here because the questions can be decided in the abstract as a matter of law.

The remainder of the opposition consists of misstatements of law concerning the § 1292(b) standard. For instance, Plaintiffs' assertion that a controlling question of law must resolve the entire lawsuit has been squarely rejected by the Ninth Circuit. So has their suggestion that there can be no substantial grounds for difference of opinion unless multiple courts have already disagreed on the questions presented.

At bottom, the opposition presents no compelling reason why certification should be denied. Defendants respectfully submit that the § 1292(b) motion should be granted.

## ARGUMENT

### I. THE QUESTIONS PRESENTED ARE CONTROLLING QUESTIONS OF LAW.

As Defendants explained in their motion, the two questions presented in the § 1292(b) motion are controlling questions of law because their resolution could result in the dismissal of half of the claims in Plaintiffs' complaint. Mot. 5–8. In their opposition, Plaintiffs do not dispute that a successful interlocutory appeal would finally resolve Counts I and III of the complaint and thus significantly streamline the litigation. Plaintiffs nevertheless contend that the questions presented are not "controlling" because they do not resolve the entire lawsuit. Opp. 6. That argument has been squarely rejected by the Ninth Circuit, which rebuffed the notion that "a question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded as controlling." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation . . . .").

To the extent Plaintiffs rely on district court decisions suggesting that only questions resolving an entire litigation can be "controlling," those cases were wrongly decided. A question is controlling if it "could materially affect the outcome of the litigation," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), and questions (like the ones here) whose resolution could result in the dismissal of a significant portion of a complaint meet that standard, *see* Mot. 5–6 (citing cases).

Plaintiffs further contend that the two questions presented are not controlling because "[d]iscovery . . . will not be limited substantially, even if the Court certifies

- 2 -

1  the questions requested by Defendants and the Ninth Circuit ultimately rules in their
2  favor." Opp. 6; *see also id.* at 7 n.1. That argument is not responsive to whether the
3  questions presented are "controlling." At most, it goes to the third prong of the
4  § 1292(b) test—whether resolution of the questions presented could materially
5  advance the litigation.[1]

6  In any event, Plaintiffs are wrong that a successful interlocutory appeal would
7  not significantly curtail discovery. A successful appeal would eliminate Counts I
8  and III. The discovery related to Counts I and III covers different issues and a
9  different timeframe from the discovery concerning Counts II and IV. Counts I and
10 III concern the investigation into the merger of the SAG and AFTRA health plans
11 prior to 2016. *See* ECF No. 43, ¶¶ 160–167, 183. Discovery into those counts
12 would therefore reach back before 2016 and would focus on that pre-merger
13 investigation.

14 Counts II and IV, by contrast, allege that between 2018 and 2020, trustees of
15 the merged SAG-AFTRA plan were considering benefit amendments without
16 informing plan participants and that the amendments ultimately implemented
17 unfairly affected older participants. *See* ECF No. 43, ¶¶ 168–177, 190.
18 Accordingly, the relevant period for discovery into Counts II and IV would begin in
19 2018, and the discovery would concern what the trustees knew about the condition
20 of the merged plan from 2018 onward. Actions taken by Defendants to investigate
21 the merger of the SAG and AFTRA health plans prior to 2016 would be irrelevant to
22 Counts II and IV.

23 Plaintiffs' first requests for the production of documents bear this out. *See*
24 Exhibit 1 to Declaration of Myron D. Rumeld. Request nos. 1–22 pertain to Counts
25 I and III. Under the time period defined by Plaintiffs, these requests cover a period

---

[1] Indeed, each of the cases cited by Plaintiffs in support of their discovery argument addresses the "materially advance" prong of § 1292(b), not the "controlling question" prong. *See, e.g., Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1072–73 (D. Ariz. 2015).

commencing March 30, 2012, and concern the merger of the SAG and AFTRA health plans. Request nos. 24–48, by contrast, cover the period commencing January 1, 2017, and concern the benefit amendments and related communications at issue in Counts II and IV. A successful interlocutory appeal would eliminate the need for request nos. 1–22 or any other discovery prior to 2018 because Counts II and IV concern only what Defendants knew in the two years leading up to the 2020 benefit amendments. Given the breadth of discovery already requested by Plaintiffs, eliminating Counts I and III would significantly reduce the discovery burden and expedite resolution of this case.

Plaintiffs assert that Counts I and III are "interwoven" with Counts II and IV (Opp. 7 n.1), but they never explain why that is the case. The reality is that Counts II and IV concern what the trustees of the merged plan knew and considered between 2018 and 2020 regarding the need to make amendments and the design of those amendments. *See* ECF No. 43, ¶ 173. Discovery into the SAG plan trustees' pre-merger investigation starting in 2012 is simply not relevant to Counts II and IV, notwithstanding Plaintiffs' *ipse dixit* to the contrary.

Plaintiffs' final argument on the "controlling question" issue is that the questions presented are not questions of law but instead are "fact-specific." Opp. 7–8. That is simply false. Neither question turns on the facts of this case. The first question asks whether a failure to conduct a pre-merger investigation can *ever* constitute a fiduciary breach. The answer to that question does not depend on the nature of the merger in this case or any communications allegedly made about this merger. Indeed, the answer would be the same in any case alleging a failure to conduct a diligent pre-merger investigation.

The answer to the second question presented—whether a settlor function like a merger can ever be transformed into a fiduciary act by provisions in a trust agreement—is likewise not fact-dependent. If, as a matter of law, a trust agreement

- 4 -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) Case No. 2:20-cv-10914-CAS-JEM**

can never change a merger decision into a fiduciary act, it is irrelevant what the parties intended the particular trust agreement in this case to mean.

It is telling that Plaintiffs never explain why the questions presented are "fact-specific." Instead, they merely assert in a conclusory manner that the questions turn on the facts of this case and then cite a string of cases that (unlike here) actually do raise fact-dependent questions. Opp. 7–9.[2] In a footnote, Plaintiffs list two "issues of fact" that have arisen in this case, but neither has any bearing on the questions presented. Opp. 8–9 n.2. The first "issue of fact" concerns the meaning of the trust agreement governing the SAG health plan. *Id.* While it is true that the parties dispute the meaning of the trust agreement, the questions presented in the § 1292(b) motion do not turn on the resolution of that dispute. The answer to whether, as an abstract matter, a trust agreement can ever transform a settlor function into a fiduciary act does not depend on the meaning of the trust agreement in this case.

The second "issue of fact" concerns an argument previously made by Defendants but irrelevant to the questions presented in the § 1292(b) motion. Defendants had previously argued that Plaintiffs' merger claim was implausible because it was built on the faulty premise that the SAG Health Plan was in better financial condition than the AFTRA Health Plan prior to the merger. *See* ECF No. 61 at 24. The Court rejected that argument on the motion to dismiss because it depended on "fact-intensive contentions regarding the relative strength of the SAG and AFTRA health plans." *Id.* To be sure, if Defendants sought § 1292(b) certification based on that aspect of the Court's ruling, they would be raising a fact-dependent issue. The questions presented in the motion have nothing to do with that part of the ruling, however. That Plaintiffs resorted to cherry-picking a quotation

---

[2] Because the decisions cited in the Opposition at 7–9 involved questions that turned on the facts of their respective cases, they are each readily distinguishable. *See, e.g., Sateriale v. R.J. Reynolds Tobacco Co.*, No. 09–cv–08394, 2015 WL 3767424, at *3 (C.D. Cal. June 17, 2015) (proposed question turned on the construction of the specific contract at issue in the case).

- 5 -
**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)  Case No. 2:20-cv-10914-CAS-JEM**

1  from the Court's decision that has no connection to the questions presented in an
2  effort to manufacture a factual issue is a strong indication that the questions
3  presented are pure questions of law.[3]

4  ## II. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF
5  OPINION CONCERNING THE QUESTIONS PRESENTED.

6  Defendants' motion explained why reasonable jurists could reach different
7  conclusions with respect to the two questions presented. Mot. 9–13. In response,
8  Plaintiffs chide Defendants for failing to cite any decision that reached a conclusion
9  contrary to the Court's on the first question presented. Opp. 10. Any lack of
10 contrary authority is irrelevant, however. "A substantial ground for difference of
11 opinion exists where reasonable jurists might disagree on an issue's resolution, not
12 merely where they have already disagreed. Stated another way, when novel legal
13 issues are presented, on which fair-minded jurists might reach contradictory
14 conclusions, a novel issue may be certified for interlocutory appeal without first
15 awaiting development of contradictory precedent." *Reese*, 643 F.3d at 688. Here,
16 for the reasons identified in the motion, the two questions presented raise novel
17 issues on which fair-minded jurists could readily disagree, which is all that is
18 required under § 1292(b). *See* Mot. 9–13.

19 Plaintiffs further argue that *Waller v. Blue Cross of California* already
20 decided the first question presented against Defendants, which eliminates any
21 potential for differences of opinion. Opp. 10 (citing 32 F.3d 1337 (9th Cir. 1994)).
22 That is incorrect. *Waller* merely held that actions taken to implement a settlor
23 decision can in some circumstances constitute a fiduciary act. 32 F.3d at 1342.
24 *Waller* says nothing about the issue here, which is whether an investigation prior to
25 a settlor decision is fiduciary in nature. Unlike the decision to choose a particular

---

[3] Plaintiffs later assert that whether a trustee's conduct constitutes a settlor or fiduciary function can depend on the factual context. Opp. 10. While that may be true in some cases, the questions presented in the § 1292(b) motion concern whether certain actions can ever constitute fiduciary acts as a matter of law.

- 6 -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) Case No. 2:20-cv-10914-CAS-JEM**

annuity provider in *Waller*—which is a separate act subsequent to a decision to terminate a plan—a pre-merger investigation is what informs a merger decision and is therefore not a separate act.

Plaintiffs' discussion of *Paulsen v. CNF, Inc.* likewise misses the mark. Opp. 10–11 (citing 559 F.3d 1061, 1076–77 (9th Cir. 2009)). Defendants' argument is that a reasonable jurist could conclude based on *Paulsen* and *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995), that a pre-merger investigation is *per se* a settlor act. Mot. 9–11. Even though this Court did not read *Paulsen* to compel that conclusion, it does not change the fact that reasonable jurists could disagree on that novel question. Indeed, in every § 1292(b) motion, the district court will have answered the questions presented against the movant; if that were sufficient to show that there is no substantial ground for differences of opinion, no § 1292(b) motion would ever be granted.

With respect to the second question presented, Plaintiffs do not dispute that another jurist in this district concluded that a trust agreement cannot as a matter of law transform a settlor function into a fiduciary act. *See Ronches v. Dickerson Emp. Benefits, Inc.*, No. 09-cv-04279, 2009 WL 10669571, at *14 (C.D. Cal. Oct. 30, 2009) (stating that Supreme Court precedent "seemingly foreclose[s]" the position that "a plan can by contract impose fiduciary duties on the trustees"). Plaintiffs try to minimize *Ronches* by characterizing it as a single decision that discussed the relevant issue in *dicta*. Opp. 11. That misses the point. Defendants gave several reasons why a reasonable jurist could conclude that a trust agreement cannot change a settlor act into a fiduciary function. Mot. 12–13. *Ronches* is an example of a reasonable jurist so concluding. As discussed above, there is no requirement that Defendants cite a certain number of district court decisions reaching the opposite conclusion from this Court. *See Reese*, 643 F.3d at 688.[4]

---

[4] Plaintiffs are wrong that the Court "did not decide" the second question presented. Opp. 11. The Court held that it would deny the motion to dismiss because the trust agreement was ambiguous. ECF No. 61 at 23. Implicit in that ruling is a holding

- 7 -

## III. RESOLUTION OF THE QUESTIONS PRESENTED COULD MATERIALLY ADVANCE THE LITIGATION.

Certifying the August 30 order for interlocutory appeal could materially advance the termination of this case by drastically reducing the scope of discovery and eliminating half of the counts in the complaint. Mot. 13–15. Those potential efficiencies easily satisfy the "materially advance" prong of § 1292(b). *See id.* (citing cases).

Plaintiffs argue that there is no guarantee that the Ninth Circuit would accept an interlocutory appeal or that Defendants would prevail in that appeal. Opp. 12. If either of those contingencies does not occur, Plaintiffs contend, certification would delay—not advance—the litigation. *Id.* That argument proves too much. It is always the case that a § 1292(b) certification would advance the litigation only if the court of appeals accepts the interlocutory appeal and reverses. If that were sufficient to defeat a § 1292(b) motion, no such motion would ever be granted. The test is whether certification "may" advance the litigation, 28 U.S.C. § 1292(b), not whether certification is guaranteed to do so. *See Reese*, 643 F.3d at 688 ("The district court correctly concluded that our reversal 'may' take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation . . . .").[5]

Plaintiffs also argue that waiting for the Ninth Circuit to resolve an interlocutory appeal of Counts I and III would delay resolution of Counts II and IV, which would need to be adjudicated regardless of whether an interlocutory appeal is successful. Opp. 12–13. According to Plaintiffs, it could take the Ninth Circuit

---

that a trust agreement can potentially create fiduciary duties that otherwise would not exist. The second question presented addresses that holding.

[5] Plaintiffs' opposition repeatedly quotes cases out of context. For example, in *IV Solutions Inc. v. United Healthcare Services*, the court found that an interlocutory appeal *would* materially advance the case but found that the other prongs of § 1292(b) were not satisfied in that case. No. 16-cv-9598, 2017 WL 6372501, at *3–4 (C.D. Cal. Nov. 28, 2017). *IV Solutions* thus supports Defendants on the "materially advance" prong, not Plaintiffs.

- 8 -

fifteen months to resolve any interlocutory appeal. *Id.* Even assuming that timeline for the Ninth Circuit were correct, however, any trial in this case is likely well more than fifteen months away. There would thus be no need for the Court to delay resolution of Counts II and IV while waiting for the outcome of the appeal.

This case is thus unlike the cases cited by Plaintiffs where a party sought interlocutory appeal on the eve of trial. *See, e.g.*, *Gibson Brands Inc. v. John Hornby Skewes & Co.*, No. 14-cv-00609, 2016 WL 7542437, at *3 (C.D. Cal. Dec. 29, 2016) (denying § 1292(b) motion where "deadlines have been set for motions in limine and a final pretrial conference within the next two months"). In those cases, an interlocutory appeal would have required the court to push back the trial date on the un-appealed claims until the appeal was resolved. Here, however, any appeal would likely be resolved before Counts II and IV are trial-ready, and the parties can move forward on litigating Counts II and IV while the appeal is pending.[6]

Plaintiffs' contention that an interlocutory appeal would not reduce the discovery burden has already been refuted above. *See* pages 2–4, *supra*. Their related concern that an interlocutory appeal would cause "needless [discovery] disputes" and duplicative efforts is overblown. Opp. 13. The scope of permissible discovery would be clear: Non-privileged information relevant to Counts II and IV would be discoverable. If the Ninth Circuit were to accept the interlocutory appeal and reverse, no further discovery would be required. If the Ninth Circuit were to affirm, it would not require any duplicative work by experts because Counts I and III raise different issues from Counts II and IV and therefore require separate analyses. To the extent certain deponents (who would nearly all be affiliated with Defendants) would need to return for a supplemental deposition, any inconvenience to Plaintiffs would be negligible.

---

[6] The parties will likely know within a month or two of certification whether the Ninth Circuit will accept the appeal. If it does not accept the appeal, any delay from certification would be minimal. If it does accept the appeal, it would confirm that immediate resolution of the questions presented would materially advance the case.

- 9 -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) Case No. 2:20-cv-10914-CAS-JEM**

## IV. PLAINTIFFS PROVIDE NO DISCRETIONARY REASON TO DENY CERTIFICATION.

In a final thrust, Plaintiffs contend that this Court has discretion to deny a § 1292(b) motion even where (as here) the three statutory criteria are satisfied. That may be true as a general matter, but Plaintiffs provide no reason why the Court should exercise that discretion *in this case*.

In support of their "discretion" argument, Plaintiffs argue that Defendants' § 1292(b) motion is procedurally improper and that Defendants instead should have moved under Federal Rule of Civil Procedure 54(b). Opp. 14–15 & n.3. That is plainly incorrect because Rule 54(b) is unavailable in the current posture. As Plaintiffs' own cases recognize, Rule 54(b) applies only where a court has issued a final, "dispositive" ruling with respect to some but not all of the claims in a case. *Del Webb Cmtys. v. Partington*, No. 08-cv-571, 2009 WL 10692995, at *7 (D. Nev. Dec. 1, 2009); *see also* Fed. R. Civ. P. 54(b) (authorizing court to issue "final judgment" as to one or more claims); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Rule 54(b) applies where the district court has entered a final judgment as to particular claims . . . ."). Here, the Court denied a motion to dismiss, which is not a final, dispositive order amenable to a Rule 54(b) motion. *See Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1089 (9th Cir. 2007) ("A district court's denial of a motion to dismiss is not a final decision within the meaning of 28 U.S.C. § 1291.").

Plaintiffs' only other "discretionary" argument relies on a case that says nothing about certification under § 1292(b). The issue in *In re Lorillard Tobacco Co.* was whether a particular order constituted an injunction under 28 U.S.C. § 1292(a). *See* 370 F.3d 982, 988 (9th Cir. 2004) (cited in Opp. 14). That issue has no bearing here. In any event, even if *Lorillard* could somehow be read to hold that an interlocutory appeal under § 1292(b) is improper where further factual development would aid resolution of the questions presented, the § 1292(b) motion

- 10 -

1  here presents pure questions of law that do not require any further factual
2  development to resolve.  *See* pages 4–6, *supra*.

## CONCLUSION

For these reasons and those explained in Defendants' September 30, 2021 motion, Defendants respectfully request that the Court certify its August 30, 2021 order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

Dated: October 25, 2021    By:    /s/ Myron D. Rumeld
　　　　　　　　　　　　　　　　Myron D. Rumeld*
　　　　　　　　　　　　　　　　mrumeld@proskauer.com
　　　　　　　　　　　　　　　　Neil V. Shah*
　　　　　　　　　　　　　　　　nshah@proskauer.com
　　　　　　　　　　　　　　　　Anastasia S. Gellman*
　　　　　　　　　　　　　　　　agellman@proskauer.com
　　　　　　　　　　　　　　　　PROSKAUER ROSE LLP
　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　Tel.: 212.969.3000
　　　　　　　　　　　　　　　　Fax: 212.969.2900

　　　　　　　　　　　　　　　　Scott P. Cooper (SBN 96905)
　　　　　　　　　　　　　　　　scooper@proskauer.com
　　　　　　　　　　　　　　　　Jennifer L. Jones (SBN 284624)
　　　　　　　　　　　　　　　　jljones@proskauer.com
　　　　　　　　　　　　　　　　PROSKAUER ROSE LLP
　　　　　　　　　　　　　　　　2029 Century Park East, Suite 2400
　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　Tel.: 310.557.2900
　　　　　　　　　　　　　　　　Fax: 310.557.2193

　　　　　　　　　　　　　　　　Jani K. Rachelson*
　　　　　　　　　　　　　　　　jrachelson@cwsny.com
　　　　　　　　　　　　　　　　Evan R. Hudson-Plush*
　　　　　　　　　　　　　　　　ehudson-plush@cwsny.com
　　　　　　　　　　　　　　　　COHEN, WEISS AND SIMON LLP
　　　　　　　　　　　　　　　　900 Third Avenue, Suite 2100
　　　　　　　　　　　　　　　　New York, NY 10022-4869
　　　　　　　　　　　　　　　　Tel.: 212.563.4100
　　　　　　　　　　　　　　　　Fax: 646.473.8254

　　　　　　　　　　　　　　　　*admitted pro hac vice*

　　　　　　　　　　　　　　　　*Attorneys for Defendants*

- 11 -

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S AUGUST 30, 2021 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)  Case No. 2:20-cv-10914-CAS-JEM**