| | |
|---|---|
| Scott P. Cooper (SBN 96905)<br>scooper@proskauer.com<br>Jennifer L. Roche (SBN 254538)<br>jroche@proskauer.com<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067<br>Tel.: 310.557.2900<br>Fax: 310.557.2193 | Neville L. Johnson (SBN 66329)<br>njohnson@jjllplaw.com<br>Douglas L. Johnson (SBN 209216)<br>djohnson@jjllplaw.com<br>JOHNSON & JOHNSON LLP<br>439 North Canon Drive, Suite 200<br>Beverly Hills, California 90210<br>Tel.: 310-975-1080<br>Fax: 310-975-1095 |
| Myron D. Rumeld*<br>mrumeld@proskauer.com<br>Neil V. Shah*<br>nshah@proskauer.com<br>Anastasia S. Gellman*<br>agellman@proskauer.com<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>Tel.: 212.969.3000<br>Fax: 212.969.2900 | Steven. A Schwartz*<br>steveschwartz@chimicles.com<br>CHIMICLES SCHWARTZ KRINER<br>& DONALDSON-SMITH LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br>Tel.: 610-642-8500<br>Fax: 610-649-3633 |
| Jani K. Rachelson*<br>jrachelson@cwsny.com<br>Evan R. Hudson-Plush*<br>ehudson-plush@cwsny.com<br>COHEN WEISS AND SIMON LLP<br>900 Third Avenue, Suite 2100<br>New York, NY 10022-4869<br>Tel.: 212.563.4100<br>Fax: 646.473.8254 | Robert J. Kriner, Jr.*<br>rjk@chimicles.com<br>Emily L. Skaug*<br>els@chimicles.com<br>CHIMICLES SCHWARTZ KRINER<br>& DONALDSON-SMITH LLP<br>2711 Centerville Road, Suite 201<br>Wilmington, DE 19808<br>Tel.: 302-656-2500<br>Fax: 302-656-9053 |
| | * admitted pro hac vice |
| * admitted pro hac vice | |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD ASNER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>THE SAG-AFTRA HEALTH FUND, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-10914-CAS (JEMx)<br><br>[DISCOVERY MATTER:  Referred to Magistrate Judge John E. McDermott]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: December 1, 2020 |

Plaintiffs Edward Asner, Michael Bell, Raymond Harry Johnson, Sondra James Weil, David Jolliffe, Robert Clotworthy, Thomas Cook, Audrey Loggia, Deborah White, and Donna Lynn Leavy, individually on behalf of themselves and others similarly situated ("Plaintiffs") and defendants the SAG-AFTRA Health Fund, the Board of Trustees of the Screen Actors Guild-Producers Health Plan, the Board of Trustees of the SAG-AFTRA Health Fund, Daryl Anderson, Helayne Antler, Amy Aquino, Timothy Blake, Jim Bracchitta, John Carter Brown, Duncan Crabtree-Ireland, Barry Gordon, J. Keith Gorham, James Harrington, David Hartley-Margolin, Harry Isaacs, Robert W. Johnson, Sheldon Kasdan, Matthew Kimbrough, Lynne Lambert, Allan Linderman, Carol A. Lombardini, Stacy K. Marcus, Richard Masur, John T. McGuire, Diane P. Mirowski, Paul Muratore, Tracy Owen, Michael Pniewski, Ray Rodriguez, Marc Sandman, Shelby Scott, Sally Stevens, Gabriela Teissier, Lara Unger, Ned Vaughn, David Weissman, Russell Wetanson, David P. White, and Samuel P. Wolfson ("Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"), which is intended to meet the requirements of a qualified protective order under 45 C.F.R. §164.512(e)(1)(v):

## I. PURPOSES AND LIMITATIONS

As the Parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section XIII(C), below, this Order does not entitle the Parties to file confidential information under seal. Rather, a Party

seeking to file Protected Material must seek permission from the Court to file the material under seal and comply with Local Civil Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

## II. GOOD CAUSE STATEMENT

This action is likely to involve non-public, proprietary, private, and/or business information concerning the Parties, entities affiliated with the Parties, and other third persons, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, any financial, operational, business, and/or strategic information (including but not limited to records of internal meetings and deliberations) concerning the SAG-AFTRA Health Fund, its predecessor funds, and other affiliated benefit plans; internal records regarding the negotiation of collective bargaining agreements and other agreements with third parties; and personal, financial, medical, and/or employment information, including but not limited to Protected Health Information concerning Plaintiffs, plan participants, or employees or agents of the former Screen Actors Guild-Producers Health Plan, the SAG-AFTRA Health Fund, and other affiliated benefit plans. This information is otherwise generally unavailable to the public, implicates privacy rights, and/or is otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law (including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations).

Accordingly, in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The Parties

shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## III. DEFINITIONS

A. Action: The above-captioned action in the United States District Court for the Central District of California: *Asner, et al. v. The SAG-AFTRA Health Fund, et al.*, Case No. 2:20-cv-10914-CAS (JEMx).

B. Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

C. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. Counsel of Record: Attorneys who are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

E. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. <u>HIPAA</u>:  The provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104- 191, 110 Stat. 1936 (1996), which shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 226 (2009)) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164.

I. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. <u>Party</u>:  Any party to this Action, including, if applicable, all of its officers, directors, employees, consultants, retained experts, and Counsel of Record.

K. <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

L. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M. <u>Protected Health Information</u>:  Protected health information as set forth in 45 C.F.R. § 160.103.

N. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O. <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

A. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel of Record that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, the confidentiality obligations imposed by this Order shall remain in effect for Protected Health Information produced by or on behalf of the SAG-AFTRA Health Plan shall remain in effect in perpetuity.

## VI. DESIGNATING PROTECTED MATERIAL

A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations also shall not be made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties).

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. <u>Manner and Timing of Designations</u>

1. Except as otherwise provided in this Order (see, e.g., Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   c) For testimony given in depositions, the testimony shall initially be treated as "CONFIDENTIAL." Within thirty (30) days after a transcript of the deposition is made available (unless this deadline is extended by mutual agreement of the parties), a Designating Party shall identify those portions of the transcript that shall be deemed "CONFIDENTIAL," and those portions that are not.

   d) For information produced in a form other than a document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   e) Nothing in this order shall prevent a Party from redacting Protected Material, such as personal identifying information, where a confidentiality designation may not adequately preserve that information's confidentiality.

 C. <u>Inadvertent Failure to Designate</u>

  1. If corrected within a reasonable time of learning of the inadvertent failure to designate material as "CONFIDENTIAL," an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation,

- 7 -
**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**(Case No. 2:20-cv-10914-CAS (JEM))**

the Receiving Party must treat the material as "CONFIDENTIAL" in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. <u>Timing of Challenges</u>: Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B. <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. <u>Basic Principles</u>

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and Protected Material may not be used for any other purpose or in any other action, lawsuit, litigation, arbitration, mediation or other proceeding in any forum of any kind. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

      2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    B.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>

      1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may only be disclosed to:

        a)    The Receiving Party;

        b)    The Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        c)    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

        d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        e)    The Court and its personnel;

        f)    Court reporters and their staff;

        g)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

        h)    The author or independent recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        i)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the

- 9 -

deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

j) An individual identified by either party pursuant to Rule 26(a)(1)(A)(i) or in depositions or responses to interrogatories, provided: (i) on the basis of such identification, a party believes in good faith that the individual in question is likely to possess discoverable information that the party may use to support its claims or defenses; (ii) the individual signs the "Acknowledgment and Agreement to Be Bound"; and (iii) the Producing Party is provided a thirty (30) day period from the date of the individual's identification pursuant to Rule 26(a)(1)(A)(i) or at a deposition or in an interrogatory response to object to the disclosure of some or all of the Producing Party's Protected Material to the individual, in which case the Producing Party's Protected Material shall not be disclosed to the individual without the Producing Party's written consent or an order from the Court; and

k) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

2. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" and also designated as being for "ATTORNEYS' EYES ONLY" may only be disclosed to the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information or item for purposes of this Action.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Receiving Party must:

  1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies

and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

           1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

           2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

           3.    Make the information requested available for inspection by the Non-Party, if requested.

      C.    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve

all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.  *See also* Section XV below.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A. Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its  modification by the Court in the future.

B. Right to Assert Other Objections:  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material:  A Party that seeks to file Protected Material must seek to do so under seal and must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing

of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D. <u>No Effect on Party's Own Use</u>: Nothing contained in this Order shall affect the right of a Designating Party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Information it designated and produced as "CONFIDENTIAL."

E. <u>No Effect on Rendering Legal Advice</u>: Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Information produced by another Party herein to any Person who is not authorized to receive such information under the provisions of this Order.

F. <u>No Applicability to Independently Obtained or Public Information</u>: No Party shall be bound by this Order as to any Protected Information which: (a) is lawfully obtained independent of this litigation; (b) at the time it is disclosed, is generally known to the public; or (c) after it is disclosed, is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

## XIV. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section V, and within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  To the extent to which such Protected Material is Protected Health Information produced by or on behalf of the SAG-AFTRA Health Plan, it shall be returned to the SAG-AFTRA Health Plan after the final disposition of this Action.  Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

## XV. **VIOLATIONS OF THIS ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 15, 2022

By:   /s/ Myron D. Rumeld

Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Roche (SBN 254538)
jroche@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

* admitted pro hac vice

*Attorneys for Defendants*

By:   /s/ Steven A. Schwartz

Steven A. Schwartz*
steveschwartz@chimicles.com
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610.642.8500
Fax: 610.649.3633

Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel.: 310.975.1080
Fax: 310.975.1095

Robert J. Kriner, Jr.*
rjk@chimicles.com
Emily L. Skaug*
els@chimicles.com
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
2711 Centerville Road, Suite 201
Wilmington, DE 19808
Tel.: 302.656.2500
Fax: 302.656.9053

* admitted pro hac vice

*Attorneys for Plaintiffs*

- 16 -
**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**(Case No. 2:20-cv-10914-CAS (JEM))**


## E-FILING ATTESTATION

I, Myron D. Rumeld, attest pursuant to Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Myron D. Rumeld
Myron D. Rumeld

PURSUANT TO THE PARTIES' STIPULATIONS, IT IS SO ORDERED.

DATED: 2/15/2022

_____
Honorable John E. McDermott
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Asner, et al. v. The SAG-AFTRA Health Fund, et al.*, No. 2:20-cv-10914-CAS (JEMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____