UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD ASNER, *et al.*,<br><br>       Plaintiffs,<br><br>       vs.<br><br>THE SAG-AFTRA HEALTH FUND, *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-10914-CAS-JEM<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: [INSERT]<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Christina A. Snyder<br><br>Action Filed: December 1, 2020 |

This Action[1] arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and involves claims for alleged breaches of fiduciary duty by trustees of the Screen Actors Guild-Producers Health Plan and the SAG-AFTRA Health Plan. Now before the Court is Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") (ECF No. ___). The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement, executed on April 10, 2023, and the exhibits thereto (ECF No. ___).

Having considered the Settlement Agreement, the briefing submitted in support of the unopposed Motion, and the arguments of counsel, and good cause appearing therefore, the Court hereby GRANTS the Motion and ORDERS AS FOLLOWS:

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

1. For settlement purposes only, and conditioned upon the Settlement receiving final approval following the Fairness Hearing, the Court hereby preliminarily certifies the following Settlement Class pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure:

> All individuals who (i) were enrolled in coverage under the Plan at any time during the Class Period, (ii) were notified that they qualified for coverage under the Plan for any time during the Class Period, and/or (iii) qualified or had qualified as a Senior Performer as of the beginning of or during the Class Period, but excluding the Trustee Defendants.

The Class Period runs from January 1, 2017 through the date of this Preliminary Approval Order.

2. For settlement purposes only, and conditioned upon the Settlement receiving final approval following the Fairness Hearing, the Court preliminarily finds

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the same meaning as ascribed to them in the Settlement Agreement.

- 2 -

that the prerequisites for a class action under Rule 23(a) are satisfied. Specifically, the Court finds:

    a. **Numerosity**. The Settlement Class is ascertainable from records kept by the Plan and is so numerous that joinder of all Class Members in the Action is impracticable.

    b. **Commonality**. There are questions of law and/or fact common to all Class Members.

    c. **Typicality**. The Class Representatives' claims are typical of the claims of the Class Members they seek to represent.

    d. **Adequacy**. The Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so.

3. For settlement purposes only, and conditioned upon the Settlement receiving final approval following the Fairness Hearing, the Court preliminarily finds that the prerequisites for a class action under Rule 23(b)(1) are satisfied. Specifically, the Court finds that prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for the Trustees Defendants with respect to the fiduciary duties that apply to them.

4. For settlement purposes only, and conditioned upon the Settlement receiving final approval following the Fairness Hearing, the Court preliminarily appoints Chimicles Schwartz Kriner and Donaldson-Smith LLP as Lead Class Counsel for the Settlement Class, and Johnson & Johnson LLP and Law Offices of Edward Siedle as additional Class Counsel. In accordance with Rule 23(g), the Court finds that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying and investigating potential claims in the Action; (ii) are experienced in handling class

- 3 -

actions, other complex litigation, and the types of ERISA claims asserted in the Action; (iii) are knowledgeable of the applicable law; and (iv) have committed the necessary resources to represent the Settlement Class.

5. For settlement purposes only, and conditioned upon the Settlement receiving final approval following the Fairness Hearing, the Court preliminarily appoints Plaintiffs Michael Bell, Raymond Harry Johnson, David Jolliffe, Robert Clotworthy, Thomas Cook, Audrey Loggia, Deborah White, and Donna Lynn Leavy as the Class Representatives of the Settlement Class.

## PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

6. The Court hereby preliminarily approves the Settlement, finding it sufficiently fair, reasonable, and adequate to authorize dissemination of notice thereof to the Settlement Class and to conduct a final Fairness Hearing thereon. The Court preliminarily finds that the requirements for settlement approval under Federal Rule of Civil Procedure 23(e)(2) are satisfied. Specifically, the Court finds:

a. **Adequate Representation**. Class Counsel and the Class Representatives have adequately represented the Settlement Class. Class Representatives have no conflicts of interest with Class Members insofar as they all qualified for coverage under the Plan and/or qualified as Senior Performers under the Plan and were thus impacted by the Amendments. Further, Class Counsel and the Class Representatives have vigorously prosecuted the Action on behalf of the Settlement Class, including with respect to defending against Defendants' motion to dismiss the First Amended Complaint, obtaining an initial set of documents from Defendants, and issuing subpoenas to third parties.

b. **Arm's Length Negotiations**. The Settlement resulted from arm's length negotiations, with no signs of collusion or bad faith. Class Counsel and Defense Counsel are experienced in similar class action litigation and engaged in extensive

negotiations that were facilitated by an experienced professional mediator (Robert Meyer, Esq., of JAMS).

        c. **Adequate Relief**. The Settlement provides adequate relief for the Settlement Class while avoiding the costs, risks, and delay of continued litigation. In addition to a Gross Settlement Amount with a value of $15,000,000, to be allocated to certain Class Members who are Senior Performers (after Administrative Expenses and Attorneys' Fees and Costs are subtracted therefrom), the Settlement also provides other valuable benefits to the Settlement Class. Class Members who are Qualifying Senior Performers will receive additional allocations to their HRA Accounts (which could total up to $5,600,000) and the Plan will institute various changes for a period of four years (including to disclose financial information about the Plan to the negotiators of collective bargaining agreements).

            i. *Costs, Risks, and Delay.* If Plaintiffs were to proceed with this Action, they would face various risks at each stage of the litigation that could preclude any relief, such as losing on a motion for class certification, on a motion for summary judgment, at trial, or on appeal. Plaintiffs also face the risk that, even if they prevail on the merits of their claims, their desired relief (*e.g.*, amendments to the Plan) may be unavailable as a matter of law.

            ii. *Distribution Method.* The Settlement provides for an effective method of distributing the relief to Class Members. Class Members entitled to monetary relief will not be required to file claims; rather, those with HRA Accounts will receive their Settlement Allocations in those accounts, and those without HRA Accounts will receive a check from a Settlement Administrator.

            iii. *Proposed Award of Attorneys' Fees.* The Settlement Agreement caps any potential request for Attorneys' Fees and Costs at $6,866,667, which is one-third of the Maximum Gross Monetary Settlement Amount.

    iv. *Side Agreements.* Apart from the Settlement Agreement, there are no agreements made in connection with the Settlement to consider under Rule 23(e)(2)(C)(iv).

  d. **Equitable Relief**. The Settlement treats Class Members equitably relative to each other insofar as it provides for a Settlement Administrator who has the final authority to determine the amount of each Class Member's Settlement Allocation, in accordance with a Plan of Allocation agreed upon by the Settling Parties.

## APPROVAL OF THE NOTICE PLAN

  7. The Court hereby approves the form of the proposed Settlement Notice attached as Exhibit 2 to the Settlement Agreement (ECF No. ___). The Court finds that the Settlement Notice fairly, accurately, and reasonably informs Class Members of appropriate information about: (1) the nature of this Action and the essential terms of the Settlement Agreement; (2) how to obtain additional information regarding this Action and the Settlement, in particular, by visiting the Settlement Website and/or contacting Lead Class Counsel; and (3) how to object to the Settlement if they wish to do so. The Settlement Notice also fairly and adequately informs Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

  8. The Court hereby approves of the plan for dissemination of the Settlement Notice as set forth in Section 3.2 of the Settlement Agreement. Pursuant to Section 3.2, the Settlement Administrator will send the Settlement Notice to each Class Member for whom the Plan has either an email or postal address on record within 30 days of the date of this Preliminary Approval Order. In addition, in recognition that the Plan does not possess either an email or postal address for all Class Members, the Plan Website will include a link to the Settlement Website and certain documents (including the

Settlement Notice) will be posted to the Settlement Website as soon as practicable following the date of this Preliminary Approval Order. The Court finds that such dissemination of the Settlement Notice is appropriate and reasonably calculated to apprise Class Members of the proposed Settlement and their right to object thereto.

9. The Court hereby directs the Settlement Administrator and the Settling Parties to disseminate the Settlement Notice as set forth in Section 3.2 of the Settlement Agreement. Proof that the Settlement Notice has been disseminated shall be filed before the Settlement is finally approved.

10. The Court hereby approves the form of the proposed Class Action Fairness Act of 2005 ("CAFA") notice attached as Exhibit 4 to the Settlement Agreement (ECF No. ___). Upon mailing of the CAFA notice to the appropriate state and federal officials specified in 28 U.S.C. § 1715, Defendants shall have fulfilled their obligations under CAFA. Proof that the CAFA notices have been mailed shall be filed before the Settlement is finally approved.

**OBJECTIONS**

11. All Class Members have the right to object to any aspect of the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement and the Settlement Notice. Any objections shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if the papers have been filed validly with the Clerk of the Court at least 28 days prior to the Fairness Hearing.

12. All written objections and supporting papers must include (a) the case name and number; (b) the objector's name, address, telephone number, and email address; (c) the specific grounds for the objection along with any supporting papers, materials, briefs or evidence that the objector wishes the Court to consider when reviewing the objection; (d) the objector's signature; and (e) a statement whether the objector or the objector's attorney intends to appear at the Fairness Hearing. If the objector or the

objector's attorney has objected to a class action settlement during the past five years, the objection must also disclose all cases in which the objector or the objector's attorney has filed an objection by caption, court and case number, and for each case, the disposition of the objection, including whether any payments were made to the objector or his or her counsel, and if so, the incremental benefits, if any, that were achieved for the class in exchange for such payments.

13.   Class Members who appear at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection.  No Class Member will be permitted to raise matters at the Fairness Hearing that the Class Member could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such a written objection are deemed waived.  Any Class Member who fails to comply with the preceding provisions, and as otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing.

14.   Any Settling Party may file a response to an objection by a Class Member at least 14 days before the Fairness Hearing.

## FAIRNESS HEARING

15.   The Court hereby schedules the Fairness Hearing at 10:00 A.M. on [INSERT], which date is more than 110 days after the date of this Preliminary Approval Order, to consider (i) any objections from Class Members to the Settlement that are timely and properly served in accordance with this Preliminary Approval Order, (ii) whether to finally approve the Settlement as fair, reasonable, and adequate, (iii) whether to finally certify the Settlement Class, (iv) the amount of any Attorneys' Fees and Costs to be awarded to Class Counsel, and (v) the amount of any Service Awards to be awarded to the Class Representatives.

16.   The Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court.  Notice of such continuance shall be posted on the Settlement Website.

17. Class Counsel's Motion for Attorneys' Fees and Costs and Service Awards shall be filed no later than 60 days before the Fairness Hearing, Defendants' opposition thereto (if any) shall be filed no later than 21 days before the Fairness Hearing, and Class Counsel's reply thereto (if any) shall be filed no later than 14 days before the Fairness Hearing.

18. Plaintiffs' Motion for Final Approval of the Settlement shall be filed no later than 28 days before the Fairness Hearing. The Motion for Final Approval shall include the determination of the Independent Settlement Evaluation Fiduciary.

## PRELIMINARY INJUNCTION

19. Pending a final determination of whether the Settlement should be approved, each Class Member (including Plaintiffs), whether in his or her individual capacity or on behalf of the Plan, is hereby prohibited and enjoined from commencing, prosecuting, or pursuing any claim or complaint against the Released Parties (including Defendants) that relates in any way to the Released Claims.

## STAY OF PROCEEDINGS

20. Pending a final determination of whether the Settlement should be approved, the Court hereby stays all proceedings in this Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

## IF SETTLEMENT DOES NOT BECOME EFFECTIVE

21. In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Settlement Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Settling Parties reserve all of their rights, including the right to continue with the Action and all claims and defenses pending at the time of the Settlement and Defendants reserve the right to oppose class certification. Furthermore, this Preliminary Approval Order and all findings contained within it shall become null and void and have no force and effect whatsoever and shall

not be admissible or discoverable in this or any other proceeding.

## MINOR CHANGES TO SETTLEMENT AGREEMENT

22. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Settling Parties jointly agree are reasonable or necessary, and which do not limit the rights of the Class Members under the Settlement Agreement.

## SCHEDULE OF SETTLEMENT PROCEEDINGS

23. The Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

24. The Court hereby approves the following schedule for Settlement-related events:

| DATE | EVENT |
| --- | --- |
| [INSERT] | Entry of Preliminary Approval Order |
| [INSERT] | Last day for Settlement Administrator to send Settlement Notice to Class Members |
| [INSERT] | Last day for Class Counsel's Motion for Attorneys' Fees and Costs and Service Awards |
| [INSERT] | Last day for Class Members to object to Settlement |
| [INSERT] | Last day for Plaintiffs' Motion for Final Approval of the Settlement |
| [INSERT] | Last day for Defendants' opposition to Motion for Attorneys' Fees and Costs and Service Awards (if any) |
| [INSERT] | Last day for Settling Parties to respond to objections to Settlement |

| [INSERT] | Last day for Class Counsel's reply to Motion for Attorneys' Fees and Costs and Service Awards (if any) |
| --- | --- |
| [INSERT] | Fairness Hearing |

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Christina A. Snyder
United States District Judge