Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Roche (SBN 254538)
jroche@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

* admitted pro hac vice

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDWARD ASNER, *et al.*,<br><br>            Plaintiffs,<br><br>      vs.<br><br>THE SAG-AFTRA HEALTH FUND, *et al.*,<br><br>            Defendants. | Case No. 2:20-cv-10914-CAS-JEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Date: December 11, 2023<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Christina A. Snyder<br>Action Filed: December 1, 2020 |

1

## **PRELIMINARY STATEMENT**

2

Defendants submit this memorandum of points and authorities in opposition to

3

Plaintiffs' motion for reconsideration and amendment (ECF No. 160) of the portion of

4

the Court's Final Order Approving Class Action Settlement and Judgment (ECF No.

5

158) (the "Final Order") that awarded $3,862,500 in attorneys' fees to Class Counsel.[1]

6

As set forth below, Plaintiffs' motion should be denied because they have not provided

7

any valid grounds to reconsider the Final Order under either Local Rule 7-18(c) or Rule

8

59(e).  In addition, Defendants respectfully request that the Court clarify the effect of

9

Plaintiffs' motion on the Settlement Agreement's Effective Date.

10

## **LEGAL STANDARD**

11

"Motions for reconsideration are disfavored and rarely granted."  *Golden v.*

12

*O'Melveny & Meyers LLP*, No. 14-cv-8725-CAS-AGRx, 2016 WL 4168853, at *3

13

(C.D. Cal. Aug. 3, 2016) (Snyder, J.) (quotation omitted).  Under Local Rule 7-18(c), a

14

motion for reconsideration of an Order may be made upon "a manifest showing of a

15

failure to consider material facts presented to the Court before the Order was entered."

16

L.R. 7-18(c).  Accordingly, "a party may not merely urge the court to reconsider past

17

arguments or present arguments it failed to make prior to the issue of an order."  *Azod*

18

*v. Robinson*, No. 22-cv-05214-CAS-MRW, 2023 WL 1479076, at *5 (C.D. Cal. Jan.

19

30, 2023) (Snyder, J.) (rejecting arguments that "should have [been] raised" when the

20

initial motion "was before the Court"); *see also United States v. Gonzalez*, No. 04-cr-

21

01189-CAS, 2023 WL 3045441, at *2 (C.D. Cal. Apr. 20, 2023) (Snyder, J.) (rejecting

22

arguments that "could have been raised" in the initial motion).

23

Similarly, under Federal Rule of Civil Procedure 59(e), a motion to amend a

24

judgment may be granted if "necessary to correct manifest errors of law or fact upon

25

which the judgment is based" or if "necessary to prevent manifest injustice."  *Hope*

26

27

[1] Any capitalized terms not defined herein are as defined in the Class Action Settlement Agreement.  (ECF No. 128-1 § 2.)

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION (2:20-cv-10914-CAS-JEM)**

*Med. Enters., Inc. v. Fagron Compounding Servs., LLC*, No. 19-cv-07748-CAS-PLAx, 2022 WL 768544, at *2 (C.D. Cal. Mar. 14, 2022) (Snyder, J.) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "However, amending a judgment after its entry remains an extraordinary remedy." *Azod*, 2023 WL 1479076, at *3 (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks omitted). The Ninth Circuit has "repeatedly cautioned" that it should be "used sparingly to serve the dual interests of finality and conservation of judicial resources." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (internal quotation marks omitted).

## ARGUMENT

## I.    THE COURT SHOULD NOT RECONSIDER ITS PRIOR FINAL ORDER

Plaintiffs have failed to meet their heavy burden on a motion for reconsideration to show adequate grounds for altering the Court's prior ruling.

First, there is nothing unjust, let alone manifestly unjust, about this Court's decision to award Class Counsel $3,862,500 in attorneys' fees in a case that was resolved in its early stages, thereby freeing up more Settlement proceeds to be placed directly into the pockets of the many Class Members who were impacted by the Amendments but are receiving modest recoveries.

Second, Plaintiffs have not met the criteria for a motion for reconsideration under Local Rule 7-18(c) because they cannot seriously contend that the Court failed to consider the fact that the Settlement contemplated future HRA allocations of up to $700,000 per year for up to eight years and how to value these allocations for purposes of awarding attorneys' fees. This topic was expressly and extensively discussed at the September 11, 2023 Fairness Hearing and in the Court's Final Order. (*See* Tr. at 13-19, 36-41, 49; ECF No. 158 at 18-20.) In their initial motion, Plaintiffs insisted that the future allocations be valued at $5.6 million (*see, e.g.*, ECF No. 141 at 27), which represents the maximum potential value without taking into account the time value of

- 2 -

money and assumes, without any basis, that the $700,000 cap would be hit in every year.  At the Fairness Hearing, the Court questioned whether the attorneys' fees should be paid out over time in future years, so that the amount of attorneys' fees paid would comport with the actual amount of HRA allocations; or whether, if paid up front, the amount of attorneys' fees should be discounted to reflect the fact that the allocations would only be made in the future.  Class Counsel expressed disagreement with both of these alternatives.  (*See* ECF No. 158 at 20 & n.4; Tr. at 14:11-19:2.)  For example:

> THE COURT: Okay. Is there any justification for a
> present discount of the value of payment over time assuming
> you're correct and I know the defendants disagree?
> MR. SCHWARTZ: Um, so I don't think so, Your Honor.
> …
> [T]here's no way structurally to have
> it paid over time each of the eight years. Um, and we don't
> think a discount is appropriate.

(Tr. at 14:11-14; 16:8-10.)  Plaintiffs may regret their prior stance and wish they had come up sooner with their present proposal to recover a discounted amount of a portion of the potential allocations.  (*See, e.g.*, ECF No. 160 at 9) (requesting that the Court now award 25% of the present value of $500,000 per year in anticipated allocations for 2024-2030.)[2]  But, it is improper for Plaintiffs to use a motion for reconsideration as a vehicle to present arguments they could have made, but chose not to make, prior to the issuance of the Court's Final Order.  *See, e.g.*, *Azod*, 2023 WL 1479076, at *5;

---

[2] Defendants note that Plaintiffs' calculation of present value improperly uses a low discount rate of 2% that is based on interest rates "over the past decade." (ECF No. 160-2 at ¶ 8.)  Given that interest rates have now increased dramatically, a more appropriate discount rate would be the current yield on the relevant U.S. Treasury bills, which are almost 5%.  *See* U.S. Department of the Treasury, Daily Treasury Par Yield Curve Rates, https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2023 (last visited November 10, 2023).

*Gonzalez*, 2023 WL 3045441, at *2; *see also Bristol SL Holdings, Inc. v. CIGNA Health Life Ins. Co.*, No. 19-cv-709-PSG-ADSx, 2020 WL 8410441, at *7 (C.D. Cal. Dec. 2, 2020) ("[M]anifest injustice "does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.") (quoting *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018)).

Third, Plaintiffs cannot be heard to characterize as "clear error" the Court's conclusion that the $450,000 in expected allocations for 2023 was the "only ascertainable" future amount that could be included in the value of the Settlement. (ECF No. 158 at 20; ECF No. 160 at 8-9.)  The Court's decision not to try to quantify the going-forward allocations, for purposes of enhancing Class Counsel's fee award, was well-grounded.  As Defense Counsel explained at the Fairness Hearing, it is not possible to reliably predict the amount of the 2024-2030 allocations and, at the moment, the Plan can "only know with some certainty" that the 2023 allocations will be under $450,000.  (Tr. 37:1-41:11.)[3]  Indeed, in their selective recitation of the discussion at oral argument, Plaintiffs conveniently omit Defense Counsel's reminder that, separate and apart from the difficulties in forecasting the amount of allocations past 2023, the continuation of any allocations is contingent on the Plan's projected reserves not falling below the nine-month target threshold.  (Tr. at 40:11-41:11; *see also* ECF No. 149 at 3-4; ECF No. 128-1 § 10.3.)  As explained during the oral argument (and prior briefing), it is demonstrably wrong to assume that there is no risk of falling below that threshold during the eight-year period.

Fourth, Plaintiffs also cannot be heard to argue, in the alternative, that if the 2024-2030 allocations were not ascertainable enough to include as part of the Settlement value, then it was "clear error" for the Court not to consider them "in

---

[3] Simply because Defense Counsel explained that the Plan was using $400,000 to $600,000 per year as a "yardstick" for purposes of settlement discussions does not make the future amounts any more certain or ascertainable.  (Tr. at 38.).

determining what percentage of the [Settlement] fund is appropriate to award as attorneys' fees." (ECF No. 160 at 8-9) (citing *Lowery v. Rhapsody Int'l, Inc.*, 75 F. 4th 985, 992 n.1 (9th Cir. 2023) and *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).)  For starters, the authorities upon which Plaintiffs rely are the same ones they previously contended—and the Court found—were "inapposite" with respect to how to value the future allocations because they concern the valuation of injunctive relief and/or claims-made settlements.  (*See* ECF No. 150 at 11-12 & n.3; ECF No. 158 at 19 & n.3.)  Furthermore, Plaintiffs proffer no explanation as to how the outcome of the Court's balancing of the six *Vizcaino* factors[4] would have been any different if these 2024-2030 allocations were more explicitly considered, much less how it would have caused the Court to increase the percentage award from the 25% benchmark to "30.2% of a $15,450,000 fund."  (ECF No. 160 at 10.)  And there is no reason to think it would have.  *See, e.g.*, *Evans v. Univ. Med. Ctr.*, No. 15-cv-01136-MMD-CWH, 2019 WL 1049382, at *2 (D. Nev. Mar. 5, 2019) (denying reconsideration where "the Court would have reached the same result").  Of the six factors, consideration of the 2024-2030 allocations could only have impacted the first one—whether Class Counsel achieved exceptional results—but would not have altered the Court's assessment of this factor as "mixed."  (ECF No. 158 at 21 & 24.)  As the Court noted, the fact that "Class Members who are not Senior Performers receive no monetary benefit" from the Settlement even though they were impacted by the Amendments weighs against a finding that the results were "exceptional" here.  (*Id.* at 23.)  This reasoning applies with even greater force to the 2024-2030 allocations, which at best will benefit only a few hundred Senior Performers out of the tens of thousands of Class Members.

In short, Plaintiffs have failed to provide any basis for awarding the "extraordinary remedy" of amending the Court's original judgment with respect to

---

[4] The six factors for determining whether to depart from the 25% benchmark are listed in the Final Order.  (*See* ECF No. 158 at 21) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)).

attorneys' fees.  *Azod*, 2023 WL 1479076, at *3.

## II.    THE COURT SHOULD CLARIFY THE SETTLEMENT EFFECTIVE DATE IN LIGHT OF PLAINTIFFS' RULE 59(E) MOTION

Plaintiffs' motion for reconsideration has created uncertainty with respect to when the Settlement Effective Date[5] will be triggered and whether payments must begin before the "final" amount of attorneys' fees is known.  The Settlement Agreement was written in anticipation of challenges that were designed to reduce the award, in which case there would be no need to hold up implementation of the substantive terms of the Agreement.  It thus provides that the Settlement Effective Date will not be disturbed by an appeal or challenge that affects only the attorneys' fees awarded.  (*See* ECF No. 128-1 § 2.69.)  The Agreement was not written, however, in anticipation of challenges to potentially *increase* the attorneys' fee award, which threaten the reduce the Settlement proceeds available to Class Members.  Further uncertainty is created by Federal Rule of Appellate Procedure 4(a)(4), which tolls the time to file an appeal until after a Rule 59(e) motion is decided.

For these reasons, Defendants respectfully request that the Court enter an Order clarifying that the Court's Final Order should not be considered "Final" under the Settlement Agreement for purposes of triggering the Settlement Effective Date until after the Court rules on Plaintiffs' motion for reconsideration.  Postponing the Settlement Effective Date in this fashion will avoid the risk that greater sums will be distributed or allocated to Class Members than will ultimately be available, or the administrative burden of making multiple distributions or allocations.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court

---

[5] The Settlement Effective Date is the date on which the Court's Final Order becomes Final (*i.e.*, after 30 days have passed with no appeal or until after any appeal has been finally resolved).  (*See* ECF No. 128-1 §§ 2.27 & 2.69.)

deny Plaintiffs' motion for reconsideration, and clarify the effect of the motion on the Settlement Effective Date.

Dated: November 13, 2023          By:     /s/ Myron D. Rumeld

Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Roche (SBN 254538)
jroche@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

*admitted pro hac vice*

*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION (2:20-cv-10914-CAS-JEM)**

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,068 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 13, 2023    By:    /s/ Myron D. Rumeld
                                    Myron D. Rumeld*
mrumeld@proskauer.com
Neil V. Shah*
nshah@proskauer.com
Anastasia S. Gellman*
agellman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900

Scott P. Cooper (SBN 96905)
scooper@proskauer.com
Jennifer L. Roche (SBN 254538)
jroche@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: 310.557.2900
Fax: 310.557.2193

Jani K. Rachelson*
jrachelson@cwsny.com
Evan R. Hudson-Plush*
ehudson-plush@cwsny.com
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Tel.: 212.563.4100
Fax: 646.473.8254

*admitted pro hac vice*

*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION (2:20-cv-10914-CAS-JEM)**