UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:20-cv-10914-CAS-JEMx | Date | December 7, 2023 |
|---|---|---|---|
| Title | EDWARD ASNER, ET AL. v. THE SAG-AFTRA HEALTH FUND, ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                     Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFFS' MOTION FOR RECONSIDERATION AND AMENDMENT OF FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT WITH RESPECT TO ATTORNEYS' FEES (Dkt. 160, filed on November 6, 2023)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of December 11, 2023, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

Presently before the Court is plaintiffs' motion for reconsideration and amendment of the Court's final order approving class action settlement and judgment with respect to attorneys' fees. Dkt. 223. The history of this case is well-known to the parties and set forth in the Court's October 19, 2023 Order. Dkt. 158.

On December 1, 2020, plaintiffs filed this class action against the trustees of the SAG Health Plan and the SAG-AFTRA Health Plan (the "Trustees") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") alleging breaches of fiduciary duties.

On July 12, 2023, plaintiffs submitted a motion for final approval of (1) a settlement agreement, (2) award of attorneys' fees, (3) expense reimbursement, and (4) service awards for class representatives (the "Final Approval Motion"). Dkt. 141. Defendants opposed only the request for attorneys' fees. Dkt. 149.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-10914-CAS-JEMx | Date | December 7, 2023 |
|---|---|---|---|
| Title | EDWARD ASNER, ET AL. v. THE SAG-AFTRA HEALTH FUND, ET AL. | | |

The proposed settlement provided for a $15,000,000 cash fund which would be immediately disbursed to qualifying class members, as well as up to $700,000 per year in HRA allocations from 2023-2030. Dkt. 141. The aggregate amount of HRA allocations in each year would be equal to one-half of the aggregate contributions made to the Plan with respect to the qualifying members' residual earnings, up to a cap of $125,000 in earnings. Id. The parties estimated that 2023 HRA payments would total approximately $450,000 based on the enrollment numbers at the time of the Final Approval Motion. Dkt. 159 at 20. The parties were unable to provide reliable estimates regarding the amount of HRA payments in following years.

On October 19, 2023, the Court issued a final order approving class action settlement and judgment. Dkt. 159 ("Final Approval Order"). The Court valued the total benefit generated for the class at $15,450,000, and awarded 25% of that amount in attorneys' fees, totaling $3,862,500.

On November 6, 2023, class counsel filed the instant motion for reconsideration with respect to attorneys' fees. Dkt. 160 ("Mot."). On November 13, 2023, defendants filed their opposition. Dkt. 161 ("Opp."). On November 27, 2023, class counsel filed their reply. Dkt. 162 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-cv-10914-CAS-JEMx | Date | December 7, 2023 |
|---|---|---|---|
| Title | EDWARD ASNER, ET AL. v. THE SAG-AFTRA HEALTH FUND, ET AL. | | |

such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### B. Fed. R. Civ. P. 59(e)

"There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

### III. DISCUSSION

Plaintiffs argue that "the Court committed clear error" and "failed to consider the [HRA] payments after 2023 in [valuing] the amount of the monetary fund *or* in determining the appropriate percentage of the fund to award as attorneys' fees." Mot. at 1, 8 (emphasis in original). They argue that, during the hearing, defendants "informed the Court that the Plan projects the payments after 2023 will be $400,000 to $600,000 per year." Id. at 9. Plaintiffs argue that, assuming annual HRA payments of $500,000 for each of the seven years, the settlement will provide an additional discounted present value benefit of $3,235,996. Id. Plaintiffs claim that this benefit should be added to the Court's previous valuation of $15,450,000 for a total valuation of $18,685,996. Id. at 10. They request 25% of this total amount in attorneys' fees, or $4,671,499. Id. Alternatively, if the Court is not inclined to modify the $15,450,000 valuation, plaintiffs ask for an upward adjustment of the attorneys' fee percentage to 30.2% which would also increase the award to $4,671,499. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:20-cv-10914-CAS-JEMx | Date | December 7, 2023 |
|---|---|---|---|
| Title | EDWARD ASNER, ET AL. v. THE SAG-AFTRA HEALTH FUND, ET AL. | | |

In opposition, defendants argue that "there is nothing unjust, let alone manifestly unjust, about this Court's decision to award Class Counsel $3,862,500 in attorneys' fees in a case that was resolved in its early stages[.]" Opp. at 2. Additionally, the question of how to value the HRA allocations "was expressly and extensively discussed at the September 11, 2023 Fairness Hearing and in the Court's Final Order." Id. At the hearing, Class Counsel rejected the Court's proposal to pay out attorneys' fees over time and noted that they "don't think a discount is appropriate." Id. at 3. Defendants also contend that "it is not possible to reliably predict the amount of the 2024-2030 allocations and, at the moment, the Plan can 'only know with some certainty' that the 2023 allocations will be under $450,000." Id. at 4. The continuation of any allocations is also allegedly "contingent on the Plan's projected reserves not falling below the nine-month target threshold." Id. Defendants additionally claim that none of the six Vizcaino factors would be weighed any differently if the 2024-2030 allocations were more explicitly considered. Id. at 5. Finally, defendants request that the Court "enter an Order clarifying that the Court's Final Order should not be considered 'Final' under the Settlement Agreement for purposes of triggering the Settlement Effective Date until after the Court rules on Plaintiffs' motion for reconsideration." Id. at 6. They assert that the Settlement Agreement "was not written . . . in anticipation of challenges to potentially *increase* the attorneys' fee award, which threaten[s] [to] reduce the Settlement proceeds available to Class Members." Id.

In reply, plaintiffs argue that even if the Court grants the motion for reconsideration, eligible class members would receive generous payments for pre-2023 damages. Reply at 2. They argue again that "[t]he Final Order provides no rationale to exclude completely the value [of] the payments after 2023 when the Plan itself projects payments in the range of $400,000 to $600,000 per year." Id. at 2-3. They note that they "have consistently contended the value of the future payments is certain enough . . . to be included in the amount of the monetary fund *and* in determining the percentage of the amount of the fund to answer as attorneys' fees." Id. at 4. They also contend that the Plan is unlikely to fail considering "the settlement of the recent historic strike resulted in record increases in wages and caps on employer contributions to the benefit plans, including the Plan[.]" Id. at 5. Finally, plaintiffs object to defendants' request for a stay, arguing that "[w]hatever potential challenge or appeal to the attorneys' fees award Defendants anticipated, the language of . . . the Settlement Agreement does not differentiate the directional basis for the challenge or appeal regarding fees." Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-10914-CAS-JEMx | Date | December 7, 2023 |
|---|---|---|---|
| Title | EDWARD ASNER, ET AL. v. THE SAG-AFTRA HEALTH FUND, ET AL. | | |

However, they "do not oppose a short stay *of the distributions* of the Net Settlement Fund pending disposition of Plaintiffs' Reconsideration Motion, so long as the Court clarifies and does not postpone November 21, 2023 Settlement Effective Date; and the stay of distributions remains in place only until the earlier of Plaintiffs' decision not to appeal or 30 days from the Court's disposition of the Motion." Id. at 8 (emphasis in original).

The Court has carefully considered the parties' respective arguments and declines to modify its previous ruling. Plaintiffs have not presented any new evidence or new law that would provide a basis for increasing either the valuation of the class benefit or the attorneys' fees to be awarded. As the Court explained in its previous order, it is impossible to calculate the total amount of future HRA payments. Given the absence of any new facts or new law, the Court believes it has appropriately exercised its discretion and therefore denies plaintiff's motion for reconsideration regarding attorneys' fees. Moreover, even assuming that the potential additional HRA payments are made in the future, which was a factor considered by the Court, the amount awarded in attorneys' fees is fair and reasonable taking into account the Vizcaino factors. The touchstone for an award of attorneys' fees is reasonableness, not the result of a mechanical application of either a percentage of recovery or a lodestar-multiplier approach. Recognizing the parties' concerns regarding the administration and disbursement of funds pursuant to the Settlement Agreement, the Court imposes a stay of the distributions of the Net Settlement Fund until the earlier of plaintiffs' decision not to appeal or 30 days from the Court's disposition of this motion. The November 21, 2023 Settlement Effective Date remains the same.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion for reconsideration. The Court hereby **STAYS** the distributions of the Net Settlement Fund until the earlier of plaintiffs' decision not to appeal or 30 days from the Court's entry of this order. The hearing scheduled for December 11, 2023, is vacated.

00:00
CMJ